Susan F. Thompson et al. v. A. H. Jones et al.

(Case No. 3657.)

1. HOMESTEAD.— A sale under a judgment foreclosing a mortgage upon the homestead, the wife not being a party to the suit, is void, and does not preclude a recovery of the land by the heirs from the purchaser after the death of the father and mother.

2. SAME.— But if the homestead interest attached only to an undivided half interest in the land, and the owner of the other undivided half interest, who had joined the husband in the mortgage, and after its execution, conveyed his half interest to the wife, the foreclosure sale as to such half interest would pass title.

ERROR from Fannin. Tried below before the Hon. John C. Easton.

Plaintiffs in error sued in trespass to try title to three hundred and twenty acres of land, claiming as the heirs of Thomas and Nancy Jane Harrison, and by reason of their homestead rights, etc.

The defendants claimed the land by and through a decree against Thomas and Francis Harrison, foreclosing a mortgage upon the land, and sheriff's sale by virtue of that decree.

The facts are disclosed in the opinion. Verdict and judgment for the defendants.

*Hancock & North*, for plaintiff in error.

*Evans & Lyday*, for defendant in error.

WATTS, J. COM. APP.— From the evidence found in the record it appears that Thomas F. and Nancy Jane Harrison were married in August, 1847. At that time Thomas and Francis Harrison owned the land in controversy as tenants in common. Immediately after their marriage Thomas commenced to improve it, and when he had completed a cabin he and his wife moved upon and occupied the land as their homestead, and continued to so occupy it until their respective deaths in 1850 and 1851.

Thomas and Francis Harrison executed a mortgage in March, 1848; the wife of Thomas did not join therein, and in May, 1848, Francis conveyed his undivided one-half interest in the land to the wife of Thomas, by such deed as presumptively made the land the common property of Thomas and his wife. In a suit against Francis and Thomas Harrison on a note and the mortgage, judgment was rendered April 6, 1849, for the amount of the note, and a foreclosure of the mortgage was decreed. Mrs. Nancy Jane Harrison was not a party to that suit. Defendants in error claim through a sale made under the foreclosure judgment by the sheriff, December 4, 1849.

As to the undivided half interest of Thomas Harrison, the homestead right of himself and wife had attached before the mortgage was executed by Thomas and Francis Harrison. And the first question for determination is as to that interest. What effect, if any, did the foreclosure of the mortgage and the sheriff's sale thereunder have upon the rights of Thomas and Nancy Jane Harrison as to that interest?

The case of Campbell v. Elliott, 52 Tex., 151, which is almost identical with the one under consideration, fully settles the question. For it was there held that a sale under a judgment foreclosing a mortgage upon the homestead, the wife not being a party to the suit, was void, and that a purchaser under such decree could acquire no title to the property. That such foreclosure and sale did not preclude a recovery of the land from the purchaser by the heirs after the death of their father and mother. Hobby's Texas Land Law, sec. 785.

Considering the decree foreclosing the mortgage and sale thereunder as being inhibited by the constitution and therefore void as to that interest in the land, then there is nothing shown by the record that ought to preclude a recovery of that undivided interest by the plaintiffs in error.

So far as the other interest is concerned, as appears from the record, it was the common property of Thomas and Nancy Jane

Harrison, conveyed to them incumbered by the mortgage; therefore no homestead right could attach as against the mortgage; and if, as appears, that interest was community property, then Nancy Jane Harrison was not a necessary party to the foreclosure suit; and the judgment of foreclosure and sale by virtue thereof would be valid and effectual as to that interest, and would preclude a recovery of the same by plaintiffs in error.

The judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted June 26, 1883.]

Associate Justice WEST did not sit in this case.