SUSAN F. THOMPSON ET AL. V. A. H. JONES ET AL.

No. 6269.

1. **Sale of Homestead Under Judicial Sale.** — Campbell v. Elliott, 52 Texas, 151, and Thompson v. Jones, 60 Texas, 94, adhered to, holding that under section 22, article 8, of Constitution of 1845 forced sales of the homestead were so absolutely prohibited as to render them invalid and ineffectual of themselves to convey any legal right.

2. **Limitations.**—To the plea of limitations minority and coverture were pleaded, and the testimony was uncontradicted as to plaintiff being a minor at her marriage. *Held*, to put the statute in operation against plaintiff during minority it was necessary to show possession before the parent's death.

3. **Tenants in Common—Rent.**—One tenant in common who uses and cultivates land can not be made to account to his cotenant until there has been a formal demand by the latter to be admitted to the possession in common and such possession has been refused. Where a tenant in common has nothing to do but to receive the rents a different rule prevails.

4. **Improvements in Good Faith—Tenancy in Common.** — The equity of a defendant who improves real estate believing he owns the whole when he only owns an undivided interest is certainly as great as that of one who thinks he owns the whole when in fact he has no title whatever.

5. **Same—Partition—Adjustment.**—If upon partition the improvements made by one tenant in common can be included upon the share allotted to him his claim for their value is satisfied. If improvements can not be allotted to the cotenant erecting them, then, if found to be entitled to their value, the value to be allowed is the share thereof lost him by the partition.

APPEAL from Fannin. Tried below before Hon. D. H. Scott.

Appellants were plaintiffs below and brought suit of trespass to try title for 320 acres of land patented to John D. Black against these appellees, in the District Court of Fannin County, on —— day of ——, 1871. December, 1884, appellants filed a supplemental petition stating that the unknown heirs of Welbourne Smith, deceased, were necessary parties and cited them by publication. Appellants amended and set up their title specially; that plaintiff Susan F. Thompson was the sole heir at law of Thomas F. and Nancy J. Harrison; that said land was patented to said Black, who sold and conveyed the same to Thomas F. and Francis Harrison on the 29th of April, 1846; that said Francis afterward, to-wit, on the 2d of May, 1848, conveyed his interest to Nancy Harrison; that the said Thomas and Nancy Harrison lived and died on said land as their homestead, Thomas dying first, about 1851, and Nancy about one year afterwards, and left said Susan as their sole heir at law; and pray for the recovery of said land and for rents.

Appellees answered by general denial, plea of not guilty, and the statute of limitation of three, five, and ten years.

A. H. Jones pleaded that he was the owner of the east half of said land, a possessor in good faith on that part, and had made permanent and valuable improvements, and prayed to be protected in same.

Robert Adkins, John Adkins, and Mary White put in the same plea for the west half.

The unknown heirs of Welbourne Smith answered by attorney appointed by the court, and adopted the answer of their codefendants.

Appellants then replied to appellees' answer, denying that the claim for improvements in good faith was available to plaintiff, because at the death of plaintiff's father and mother, through whom she claimed, she was 3 years of age; and further denied that the statutes of three, five, and ten years limitation ran against her.

On this state of pleadings the case went to trial before a jury March 19, 1886, who found for plaintiffs an undivided one-half of the land and valued same at $3 per acre, and that the improvements made by appellants on east half were worth $1200 and on west half $600; that appellants recover $800 rent on east half and $600 on the west half. Judgment rendered in accordance with verdict, except it required defendant on east half to pay $250 for the land instead of $240, as found by jury. Both parties moved for a new trial, which was overruled by the court. Plaintiffs excepted and appealed, and both parties assign errors. Other facts are given in the opinion.

*Charles D. Grace,* for appellants.

*Richard B. Semple* and *James B. Lyday,* for appellees. — 1. The court erred in refusing to charge the jury as requested by appellees, "That if the

land was sold under judgment foreclosing a mortgage on the same, the sale thereunder would be binding on Thomas Harrison if he was a party thereto and all persons claiming under him and his heirs." Shannon v. Gray, 59 Texas, 251; Grothaus v. De Lopez, 57 Texas, 670; Johnson v. Taylor, 43 Texas, 122; Brewer v. Wall, 23 Texas, 589; Tadlock v. Eccles, 20 Texas, 782; Lee v. Kingsbury, 13 Texas, 68; Weathered v. Mays, 4 Texas, 387; 1 Greenl. on Ev., sec. 534.

2. The court erred in refusing to give the jury the charge asked by appellees, "That the homestead right of the wife does not survive after her death so as to vest a homestead right in the children of her marriage where the property is the separate property of the father." Shannon v. Gray, 59 Texas, 252; Tadlock v. Eccles, 20 Texas, 782.

3. The court erred in its charge to the jury that "If at the time the mortgage was given Harrison was a married man and occupied the premises as a homestead, the foreclosure of such mortgage would not pass the title to one-half the land, and plaintiffs would be entitled to recover same unless barred by limitation."

GAINES, Associate Justice.—A motion for a rehearing in this cause was granted at the last Tyler Term. Upon a reconsideration of the questions decided in the former opinion we are satisfied with its conclusions except in one or two particulars.

The case was before this court at the Austin Term, 1883, and was reversed and remanded. The opinion is reported in 60 Texas, 94. We are unable to determine from the record before us whether this is a new suit or but the continuation of the first action. At all events the same case in substance is presented by the two appeals. In the opinion upon the former appeal it was distinctly held that if the land in controversy was the homestead of Thomas Harrison at the time of the execution of the mortgage upon it by him and Francis Harrison, the sale under the judgment of foreclosure to which Nancy Harrison, the wife of Thomas, was not a party, did not pass title to the one-half interest owned by him at the date of the encumbrance. That ruling is in accordance with the doctrine announced in the case of Campbell v. Elliott, 52 Texas, 151, which is cited in support of it. Without reference to our individual views upon the matter, if it were in question, we are of opinion that the decision upon the former appeal should be held the law of the case. In deference to the previous ruling of this court, but contrary to his own opinion as shown by a note which appears in the record, the trial judge charged the jury in accordance with the law announced upon the former appeal. Consequently there was no error in the charge given or in refusing the instructions asked upon this point.

There is an intimation in the former opinion on this appeal that the proof showed that Garnett, the purchaser at the execution sale, went into

possession of the land before the death of the mother of appellant Mrs. Thompson, and that therefore the statute was running at the death of the mother and continued to run against the daughter, notwithstanding her minority.    But as we read the record there was a conflict of testimony upon the question whether Mrs. Harrison was living or not at the time Garnett took possession of the land.    If it should be shown that she was living at that time, and that the possession of Garnett and others under whom defendants claim continued for the necessary period to complete the bar of the statute, then Mrs. Thompson could not recover anything through her mother.    But it is evident that she has recovered in this action not in right of her mother.    The recovery is limited to the undivided interest in the land which her father held at the time he and his brother made the mortgage, and it is conceded that this interest was his separate property.    The judgment does not so declare, but the evidence and charge of the court make it apparent that this was the interest recovered.    In order to set the statute of limitations in operation against Mrs. Thompson as an heir of her father at any time before her marriage it was essential to show that Garnett took possession before the death of the father.    The most that defendants can claim upon this issue is that the testimony was conflicting.

By their tenth cross-assignment of error the appellees complain that the verdict of the jury is contrary to the law in allowing appellants the value of the use and occupation of the land.    We are unable to see upon what theory the verdict of the jury can be sustained.    We think it appears from the testimony that but for the improvements put upon the land by the defendants and the labor expended by them to make it productive it would have yielded no income.    The verdict of the jury finds that the defendants were tenants in common with plaintiffs in the premises.    We understand the rule to be that one tenant in common who uses and cultivates land can not be made to account to his cotenant until there has been a formal demand by the latter to be admitted to the possession in common and such possession has been refused.    Where a tenant in common has nothing to do but to receive the rents a different rule prevails.    Neil v. Shackelford, 45 Texas, 119.

We are clearly of opinion that defendants should not have been charged with rent of the land in this case until a demand for possession was made, and then not upon their improvements.    Besides, the defendants claimed in this case that they were possessors in good faith, and asked compensation for their improvements in the event a judgment was recovered against them.    The evidence warranted a verdict in their favor upon the issue and the jury so found.    Although they may have been tenants in common with the plaintiffs this did not deprive them of their right to compensation for improvements under the statute.    The equity of a defendant who improves real estate, believing he owns the whole when he owns only an undivided

interest, is certainly as great as that. of one who thinks he owns the whole when in fact he has no title whatever.

If upon another trial it should be determined that the defendants own one-half of the land, and that only, and if it should be further determined that they are possessors in good faith, then they will be entitled to claim the rights both of tenants in common and of possessors in good faith under the statute. They will be chargeable as such possessors only with one-half of the value of the use and occupation exclusive of the improvements (Rev. Stats., art. 4814), and will be entitled to their improvements or one-half of their value, to be secured to them in the mode provided by the statute. If in the partition their improvements can be set apart to each of them respectively without prejudice to their cotenants, this should be done, and nothing should be allowed for their value, and the value should not be estimated in the partition.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 13, 1890.