J. T. THOMPSON, GUARDIAN, v. Z. T. GOOLDSBY ET AL.

Decided November 30, 1907.

**1.—Guardian and Ward—Execution against Ward—Injunction.**

A judgment creditor of a minor obtained an order of the Probate Court directing the guardian of the minor to pay the judgment; upon failure of the guardian to pay the judgment an execution was issued against the minor (instead of against the guardian) and levied on land belonging to the minor; the guardian sought to enjoin the sale on the ground that it would cloud the title of the minor and disturb the possession of the guardian. Held, the execution being unauthorized and void would neither cloud the title of the one nor disturb the possession of the other, and a temporary injunction was properly dissolved. Revised Statutes, articles 2732 and 2989.

**2.—Injunction—Threatened Injury—Abandonment of Intention.**

Where, in a suit to enjoin the sale of land, it is made to appear at the

time of trial that the intention to sell or attempt to sell under the execution enjoined has been abandoned, no actionable issue remains to be tried, and the suit is properly dismissed.

Appeal from the District Court of Delta County. Tried below before Hon. T. D. Montrose.

*J. L. Young*, for appellant.—Appellant plead that the ward owned only a conditional title to the land; that his estate was being administered in a guardianship proceeding, and that· appellant, as guardian and tenant, together with the ward, was in possession of the land levied on; that the land was not subject to execution; that appellees proposed to and would sell the land and dispossess the appellant and the ward; that the title would be clouded, possession interfered with, the guardianship obstructed, and the estate wasted and sacrificed by expenses and litigation, and that appellant was entitled to the writ of injunction and to expenses and cost in preventing the attempted sale of the land; that the writ of injunction was the only speedy, available, adequate and complete remedy and procedure to prevent the alleged wrongs and trespasses. Rev. Stats., arts. 2703 to 2734; Adriance v. Brooks, 13 Texas, 286; Tucker v. Brackett, 28 Texas, 337; Wingfield v. Hackney, 95 Texas, 490, and cases there cited; Wofford v. Booker, 10 Texas Civ. App., 171; Alsup v. Allen, 43 Texas, 598; Farmers' & M. Nat. Bank v. Bell, 31 Texas Civ. App., 124; Cooper Gro. Co. v. Peter, 35 Texas Civ. App., 49; June & Co. v. Doke, 35 Texas Civ. App., 240; Ceers v. Scott, 33 S. W., 587; Delz v. Winfree, 80 Texas, 400; 28 Am. & Eng. Ency. of Law, 2d ed., 349, 352 to 356; Texas Trunk Ry. v. Lewis, 81 Texas, 1 to 9.

*Newman Phillips*, for appellees.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellant on the 23d day of October, 1905, as guardian of the person and estate of Eldon Thompson, a minor of about the age of seven years, to enjoin the levy and sale of ten and a fraction acres of land belonging to said minor, under an execution issued at the instance of appellee, Z. T. Gooldsby, by the clerk of the County Court of Delta County. A temporary writ of injunction was issued as prayed for, but was dissolved in chambers upon motion therefor on November 27, 1905. On April 2, 1906, appellees answered by general and special demurrers and by special answer not necessary to set out. On the next day, April 3, appellant replied by supplemental petition, but the court sustained appellees' general demurrer and dismissed the suit, appellant having declined to amend.

Appellant assigns error to the action of the court in dissolving the writ of injunction *in limine* and in sustaining the general demurrer to his petition. The ground of appellant's action as stated in his petition, is that the threatened sale would disturb his possession and cast a cloud upon the title of the minor. It appears, however, from the face of the execution, a copy of which is made

part of the petition, that appellee was but a judgment creditor of the minor who had secured an order of the probate court for the guardian to pay the claim, as may be done under article 2731 of the Revised Statutes, and that the execution was against the property of the minor rather than against the property of appellant, his guardian, as in such case is required by article 2732. The execution, therefore, was wholly unauthorized and void and could in no event have clouded the minor's title, nor have been made available to disturb appellant's possession. It follows that appellant failed to bring himself within Revised Statutes, article 2989, authorizing the issuance of writs of injunction.

Besides, it appears from appellee's answer, filed April 2, 1906, as also from the briefs of both parties to this appeal, that appellee in December, 1905, released the levy made upon lands of the minor and caused the writ of execution to be so indorsed by the sheriff and returned to the County Court of Delta County. The object of appellant's suit was thus brought about, and at the time of the hearing on April 3, 1906, there was left in no view of the case any actionable issue to be tried, the damages set up, attorney's fees, etc., not being recoverable. The only material question that could then have existed was the question of costs, and no error has been assigned to the judgment in this respect.

We conclude that no error appears in the proceedings below and that the judgment should be affirmed.

*Affirmed.*