DAVIS et al. v. COX.　(No. 5485.)

(Court of Civil Appeals of Texas. San Antonio. May 19, 1915.)

1. HOMESTEAD ⬅129—CONVEYANCES—ESTOPPEL—PURCHASER IN GOOD FAITH.

A debtor gave a note and delivered a deed, executed by himself and wife, conveying to a third person a part of the homestead to secure the note. The third person executed to the debtor notes reserving a vendor's lien, and they were transferred to the creditor as security. The debtor and family remained in possession of the property until the land was sold under execution under judgment foreclosing the vendor's lien in a suit by the creditor against third person brought after the debtor's death. The purchaser, at the execution of the sale, knew the facts. *Held* that he was not a purchaser in good faith, and he could not claim under the judgment of foreclosure, which was void as against the wife and heirs at law of the deceased debtor.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 233, 234; Dec. Dig. ⬅129.]

2. APPEAL AND ERROR ⬅930—VERDICT—REVIEW.

Where the court submitted issues on which the evidence was conflicting, and issues not supported by evidence, a general verdict will be set aside where it might have been based on the latter issues.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755–3761; Dec. Dig. ⬅930.]

Appeal from District Court, Polk County; J. Llewellyn, Judge.

Action by Caroline Davis and others against D. J. Cox. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

O. S. York, of Galveston, and Holshousen & German, of Livingston, for appellants. Campbell & Campbell, of Livingston, for appellee.

FLY, C. J. Appellants, the widow and heirs at law of Emanuel Davis, deceased, instituted this suit against appellee to recover 80 acres of land alleged to be a part of their homestead. It was alleged in the petition that in 1897, Emanuel Davis was indebted to W. E. Fitze in the sum of $246.85; that said Davis executed and delivered to said Fitze, on November 30, 1897, his promissory note for said indebtedness and to secure the same; on the same day said Emanuel Davis, joined by his wife, Caroline Davis, executed and delivered to one Allen Bailey a certain deed of conveyance to 80 acres of land out of their homestead; that said deed was intended merely as a mortgage; that Bailey executed to Emanuel Davis his two promissory notes, a vendor's lien being reserved therein, and at the same time the two notes were transferred by Emanuel Davis to Fitze, as

security for his debt; that it was agreed that said Bailey was not to pay anything on the notes and was not to be responsible for payment of the same. Appellee pleaded estoppel, title under a judgment rendered on November 19, 1900, and limitations of three, four, five and ten years. The cause was tried by jury, and resulted in a verdict and judgment for appellee.

[1] The uncontroverted evidence shows that the land in controversy, in 1897, was the property of Emanuel and Caroline Davis and a part of their homestead; that Emanuel was indebted to W. E. Fitze in the sum of $246.85 for goods sold him; that the attorney of Fitze visited Emanuel Davis and his wife, Caroline, to collect the money due Fitze; that he procured from them a deed to Allen Bailey, who never at any time paid them or any one else a cent on the land, but who executed to them two promissory notes, each for $200, which at the same time were transferred to W. E. Fitze to secure a promissory note given at the same time by Davis to Fitze. All the papers were prepared on the same day by the attorney of Fitze, and the different instruments formed one and the same transaction. Bailey did not go into possession and never at any time exercised any rights of ownership over the land, but Davis and wife remained in possession. Such possession was not disturbed until the land was sold under execution in a case wherein W. E. Fitze was the plaintiff and Allen Bailey and Emanuel Bailey were defendants. In that suit the vendor's lien retained in the two notes given by Bailey to Davis was foreclosed. Caroline Davis was not a party to that suit. Emanuel Davis and Caroline Davis were ignorant old negroes, unable to read or write. Emanuel Davis died before this suit was instituted. Fitze did not testify in the case. The evidence failed to show title by estoppel or limitations in appellee. Appellee was too uncertain as to his possession of the land to sustain the plea of limitations, and the other testimony tended to show that there was no limitation.

It was admitted by appellee that the family of Emanuel Davis was in possession when he bought the land from Fitze. There was a house on the land, and appellee testified:

"Old man Emanuel's family and the boys and girls and children were using it—well, Dave Davis' wife, I think, lived in it when I bought the land."

Appellee further stated:

"I had known old man Emanuel Davis. I suppose old man Emanuel had been living on that land and using it as his home up to the day I bought it."

The 80 acres in controversy had never been segregated from the balance of the homestead. Appellee knew that Allen Bailey at no time had possession of the land, but that it remained in the possession of Emanuel Davis and was used and cultivated by him. He knew that in Texas when a sale of land is made, the vendee usually does not permit the vendor to remain in possession as though no sale had been made for nearly four years. He knew that the mortgagor of land usually remains in possession of the mortgaged premises. The fact of the vendor's unbroken possession for years after executing the deed was a circumstance sufficient to excite inquiry in any reasonable man. He knew that the land was a part of the homestead of Emanuel and Caroline Davis, and was charged with knowledge that Caroline Davis was not made a party in the foreclosure of the vendor's lien against Emanuel Davis and Allen Bailey, and. that she was a necessary party in that suit if she could have urged homestead rights, which would have defeated the action. Jergens v. Schiele, 61 Tex. 255; City of San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496; Collum v. Sanger, 98 Tex. 162, 82 S. W. 459, 83 S. W. 184; Odum v. Menafee, 11 Tex. Civ. App. 119, 33 S. W. 129; San Antonio Building & Loan Association v. Stewart, 27 Tex. Civ. App. 299, 65 S. W. 665. The judgment of foreclosure was void and appellee could not claim under and through that judgment. He was not a purchaser in good faith, and the court should so have instructed the jury, instead of submitting the question of notice.

[2] Appellee failed to show continuous adverse possession of the land for five years, and the only issues raised by the evidence were, whether or not the deed to Bailey was a mortgage instead of a deed, and whether Fitze knew or could have known by inquiry that the deed was given merely as security for his debt. On those issues the evidence was conflicting, some of the circumstances tending strongly to show that the deed was in reality a mortgage, and given to evade the homestead law. The issues of notice and limitations were submitted to the jury although the evidence did not support either of them, and it may be that the verdict was based on one of them and not on the good faith of Fitze.

The judgment is reversed, and the cause remanded.