PYNES et al. v. PYNES et al. (No. 2233.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 24, 1920. Rehearing Denied Dec. 9, 1920.)

1. **Witnesses** ⟝164(9)—**Evidence as to consideration for conveyance of land not inadmissible as relating to transaction with decedent.**

In partition, where plaintiffs' title was derived by inheritance from their father and from a trust resulting from application of their interest in a 40-acre tract conveyed by their father in payment of part of purchase price of the 100-acre tract in controversy, and wherein defendants claimed by descent from their mother as community property of their father and of defendants' mother, who was plaintiffs' stepmother, evidence by plaintiffs that they were to receive an interest in the 100-acre tract as a consideration for conveying the 40-acre tract, but had received nothing, *held* not inadmissible as relating to a transaction with the decedent contrary to Rev. St. 1911, art. 3690, since, as to the interest sought to be established by the testimony, the title was neither claimed nor resisted on the ground of heirship.

2. **Husband and wife** ⟝275—**Decree apportioning property to children of first and second marriages held erroneous.**

In partition by children of their father's first marriage against the children of his second marriage and the second wife, wherein it appeared that a 40-acre tract, owned in community by the husband and his first wife, was exchanged for a 100-acre tract claimed as community by the husband and his second wife, and wherein plaintiffs claimed, by reason of a resulting trust, a decree apportioning the interest of the parties *held* erroneous, as giving a cestui que trust more than the proportion contributed by him to the purchase price of the 100-acre tract.

3. **Partition** ⟝85 — **Tenant making improvements can claim reimbursement only to extent of enhancement of value.**

When one tenant in common makes improvements upon the common property without the consent of the other cotenants, he can claim reimbursement only to the extent the value of the land is enhanced by the improvement at the time of the partition.

4. **Partition** ⟝85 — **Claim for improvements may be made charge upon interest of each debtor tenant.**

In partition where one tenant in common has made improvements without the consent of the cotenants, the right to reimbursement to the extent of the enhancement of the value of the land may be made a charge upon the interest of each debtor tenant, and division had accordingly.

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

5. **Partition** &#9917;63(1) — **Cotenants to defeat claim for rents held to have burden of proving that plaintiffs had not contributed to enhancement of value of land.**

In partition between the children of their father's first marriage and the children of his second marriage as defendants, such defendants, in order to defeat plaintiffs' claim to receive any part of the rents, *held*, to have burden of pleading and proving that the rents came solely from improvements made by their father and his second wife as upon community property.

Appeal from District Court, Franklin County; J. A. Ward, Judge.

Suit by Oscar M. Pynes and others against Mrs. Sallie Pynes and others, for partition. Decree for plaintiffs, and defendants appeal. Reversed and remanded.

J. H. Beavers and H. L. Wilkinson, both of Winnsboro, for appellants.

Wilkinson & Davidson, of Mt. Vernon, for appellees.

HODGES, J. The plaintiffs in this suit are the children of C. C. Pynes, deceased, by his first wife, Sarah E. Pynes; the defendants are the children of his second wife, Sallie Pynes, who is also dead. The purpose of the suit is to have a partition of 100 acres of land, situated in Franklin county, which is fully described in the petition. The facts show that in 1881, and during the lifetime of his first wife, C. C. Pynes acquired title to 40 acres of land which appears to have been the community property of himself and his first wife. Pynes and his first wife had five children: Oscar M., Clifford, Fair, Mitchell, and Lula. Mitchell Pynes died a few years ago, and his daughter and only surviving heir is a party to this suit. Lula married L. P. Mansfield, and died in 1898. She left her husband surviving, but no children. Sarah E. Pynes died about 1888. Shortly thereafter C. C. Pynes married his second wife. Ten children were born, two of who died in early life. Those who survived and their descendants are the parties defendant in this suit. In the later part of 1903 or the early part of 1904, C. C. Pynes, joined by his second wife and his four surviving sons, executed a deed, conveying the 40 acres he then owned to B. B. White, the deed reciting a consideration of $500 cash and two notes of $150 each, to be paid one and two years thereafter. The record further shows that in January of 1904, by a deed bearing date subsequent to the one above referred to, White conveyed the 100 acres in controversy to C. C. Pynes, his deed reciting a consideration of $500 cash and two notes of $150 each, payable one and two years from date. Pynes and his second wife moved to the 100-acre tract purchased from White, and occupied it as their homestead until his death in 1914. During the time of his occupancy he made some improvements thereon, built houses, and cleared a portion of the land. After his death his second wife, the mother of the defendants in this suit, continued to occupy the premises as the family residence until about 1916. During the years 1917 and 1918 she rented the premises to other parties, and collected and retained the rents therefor. This suit was originally filed against the second Mrs. Pynes and her children; but after the suit was filed she died, and in the amended original petition her children only are named as parties defendant. The plaintiffs claim that the original 40 acres owned by their father and mother was the community property of their parents, that the 40 acres was changed for the 100-acre tract, and that at the time the exchange was made there was an understanding between them and their father that they were to receive an interest in the 100 acres equal to their interest in the 40 acres. In this suit they are asking for a partition of the 100 acres, upon the assumption that they own an undivided half interest by virtue of the exchange, and are entitled to share in the partition of the other as heirs of their father. They deny that the second Mrs. Pynes had any community interest in either tract of land. The defendants contend that the land in controversy was the community property of C. C. Pynes and his second wife, and that it should be partitioned upon that basis. They further allege that valuable improvements were made upon the property by their father and their mother, and claim compensation therefor. The plaintiffs also pray for rents.

The case was submitted on special issues. The court assumed that the title to the property was as claimed by the plaintiffs, and submitted to the jury only those issues relative to the occupancy of Pynes and his second wife and the value of the improvements made, taxes paid, and the rents received. The jury found that the property was worth $2,000 exclusive of improvements; that Pynes during his lifetime had made improvements worth $1,000 at the time they were made, and $750 at the time of his death; that after his death his widow, the mother of the defendants, made additional improvements amounting to $200. They also found that rents aggregating $475 were collected by the second wife during the years 1917 and 1918, and that $79 had been paid out by Pynes and his second wife for taxes. The jury also found that the land was not susceptible of partition. Upon those findings the court rendered a judgment in substance as follows: That the land be sold, and that from the first $2,000 the plaintiffs receive each an undivided one-sixth, and the remainder be divided among the defendants according to their legal shares. The equities of the parties growing

out of the rents and the improvements made, after taking into consideration the taxes paid and timber removed, were adjusted upon the same basis.

[1] The court permitted O. M. Pynes, Clifford Pynes, and Fair Pynes, children of C. C. Pynes by the first marriage, to testify, in substance, that at the time the 40-acre tract was sold to B. B. White they had an agreement with their father that if they would sign the deed to White each of them should have a corresponding interest in the 100-acre tract purchased from White. They were further permitted to testify, over the objection of the appellants, that they had received nothing from their father or from White as a consideration for the 40 acres. This testimony was objected to upon the ground that it related to a transaction with a decedent and was contrary to the provisions of article 3690 of the Revised Civil Statutes. We are of the opinion that the testimony was not subject to the objection. The title asserted by the appellees to the land involved in this suit comes from two distinct sources. One source is the inheritance from their father. The testimony objected to did not relate to the title to that interest. The other source was the trust which resulted from the application of the appellees' interest in the 40-acre tract to the payment of a part of the purchase price of the 100-acre tract. The latter interest is not claimed by the appellees by inheritance from their father. Neither is the title to that interest claimed by the appellants through their mother; the latter claim it by descent from their mother, upon the assumption that the 100-acre tract was the community property of their father and mother. Hence as to the interest sought to be established by the testimony objected to, the title was neither claimed nor resisted upon the ground of heirship.

Appellants' brief is lengthy, and their assignments of error numerous. We have concluded that the judgment must be reversed and the case remanded; and, to avoid an extended opinion, we shall indicate the errors without discussing all of the rulings in detail.

[2] The court concluded that each of the appellees was entitled to an undivided one-sixth interest in the entire tract of land, and each child of the second marriage was entitled to an undivided one-twelfth interest. That we think was error. After the death of his first wife C. C. Pynes owned one half and his five children the other half of the 40 acres, each of the latter holding an undivided one-tenth interest. When Lula Mansfield, a daughter of Pynes, died without issue, her interest descended as follows: To her husband one-half; to her father one-fourth; and to her four surviving brothers together the remaining fourth. When the 40 acres were exchanged for the land in controversy the interests of Pynes and his first set of children, four in number, were represented by the following fractions: C. C. Pynes, $21/40$; O. M. Pynes, Clifford Pynes, Fair Pynes, and Mitchell Pynes, each $17/160$, or in the aggregate $17/40$; L. M. Mansfield, surviving husband of Lula, $2/40$. B. B. White, from whom the 100-acre tract was purchased, testified that Mitchell Pynes was a minor at the time the deeds were passed, and did not sign the deed conveying the 40 acres until he attained his majority several months thereafter; that when he requested Mitchell Pynes to sign the deed the latter refused until he was paid a consideration of $25 or $50 in cash. White further stated that he paid Mitchell Pynes the sum demanded as the consideration for his signature to the deed. This testimony was undisputed. If that be true, then Mitchell Pynes sold his interest in the 40-acre tract for the consideration received at the time of his signature, and did not share in the title acquired in the 100 acres. His daughter Ruth, who is here asserting claim to his interest, is not entitled to recover anything by virtue of that transaction. Whether we treat the titles of O. M. Pynes, Clifford Pynes, and Fair Pynes as originating in an express trust or an implied trust, each interest must be measured by the proportion of the consideration which the claimant contributed to the purchase price of the 100-acre tract. He cannot, as a cestui que trust, claim more than that proportion. Smalley v. Paine, 62 Tex. Civ. App. 52, 130 S. W. 739. On the other hand, the conveyance, being to C. C. Pynes as the grantee, invested the latter with title to all the interests which did not result in favor of the above-named children. The interest which each joint owner held in the 100 acres would then be represented by the following fractions: C. C. Pynes, $109/160$; O. M. Pynes, Clifford Pynes, and Fair Pynes, each $17/160$, or $51/160$ in the aggregate. At that time neither Mansfield, who did not sign the deed, nor the surviving child of Mitchell Pynes, had any interest in the property. Upon the death of C. C. Pynes the children of his first and second marriages would be entitled to share equally in his interest, and the division of the proceeds of the sale should be made upon that basis. If the facts discussed are true, no part of this 100-acre tract belonged to the community of the second marriage, because that estate contributed nothing to the purchase price.

[3, 4] If the error discussed were the only one, the judgment might be reformed and here affirmed; but the court applied an improper rule in compensating for the improvements. Under his direction the jury found the value of the improvements, and also separately found the value of the land without the improvements, but did not anywhere find how much the improvements enhanced the value of the land. When one tenant in common makes improvements upon the common property without the consent of the other co-

tenant, he can claim reimbursement only to the extent the value of the land is enhanced by the improvements at the time the partition. When the fact is ascertained, the proportion due from each debtor tenant should be made a charge upon his interest, and the division made accordingly. Thompson v. Jones, 77 Tex. 626, 14 S. W. 222; Burns v. Parker, 137 S. W. 705. It appears that when the amount paid for taxes by Pynes and his second wife is balanced against the timber removed by them but an insignificant sum is left.

[5] If it should be shown upon another trial that the rents resulted from the improvements made by Pynes and his second wife, the appellees would not be entitled to receive any part of the rents. But it devolves upon the appellants to plead and prove that the rents came from that source.

In view of another trial, we suggest that the better practice would be for the court to submit all issues controverted by the pleadings to the jury, except where the evidence is so overwhelming that but one finding could be made. While the testimony in this case is uncontradicted that the 40-acre tract was exchanged for the land in controversy, there were facts and circumstances offered in evidence by the appellees themselves which made a prima facie case in favor of the contention of the appellants that the land was the community property of their father and his second wife.

For the error discussed, the judgment is reversed, and the cause remanded.