**ANDERSON et al. v. THOMAS et al.** *
No. 4202.

Court of Civil Appeals of Texas. Texarkana.
May 5, 1932.

T. B. Stinchcomb and McDonald, Grant & Cantwell, all of Longview, and Andrews, Streetman, Logue & Mobley, of Houston, for plaintiffs in error.

Bramlette & Meredith, of Longview, J. D. Kugle, of Dallas, Camp, Curtis & McCart, of Fort Worth, Willis Snyder, P. O. Beard, and Geo. Huffman, all of Marshall, and Le Roy Paddock, of Tyler, for defendants in error.

SELLERS, J.

This suit was instituted in the district court of Gregg county by George Anderson and wife and others not necessary to mention against W. M. Thomas and others upon a petition which alleged a cause of action in trespass to try title to fifty acres of land located in Gregg county, a part of the C. H. Alexander survey. The plaintiffs also set up the three, five, and ten year statutes of limitation, and further alleged as follows:

"Plaintiffs further allege that the defendants herein claim title solely under and by

virtue of certain purported proceedings as follows, to-wit:

"1. A purported deed from George Anderson and wife, Ella Anderson, to N. C. Anderson and Robert Anderson, dated October 20, 1920, and of record in Vol. 44, page 127 of the Deed Records of Gregg County, Texas, purporting to convey fifty (50) acres of land out of the Chas. H. Alexander Survey, fully described in said conveyance, which is of record as aforesaid and to which reference is here made for description of said land.

"2. A certain purported judgment dated March 26, 1923, and recorded in Vol. K, page 621 of the Minutes of the District Court of Gregg County, Texas, in Cause No. 4025, entitled W. G. Hart v. Robert Anderson et al.

"3. A certain purported judgment dated November 3, 1923, recorded in Vol. L, page 33 of the Minutes of the District Court of Gregg County, Texas, in a Cause No. 4284, entitled Ella Anderson et al. v. W. G. Hart;

"That each and all of said proceedings are invalid and of no effect as against these plaintiffs by reason of the following facts."

Then follows allegations in the petition, as well as in the supplemental petition, setting out in detail the homestead character of the property involved and other allegations relied upon by plaintiffs to show the invalidity of the deed and judgments above described.

The defendants answered by a plea of not guilty and a plea of innocent purchaser, and, by way of cross-action in trespass to try title, the defendant sought judgment for the land.

The case was tried to a jury, and, at the close of the evidence by both parties, the court instructed the jury to return a verdict for the defendants, and upon this verdict judgment for the defendants was entered for the title to the land, from which judgment the plaintiffs have duly prosecuted an appeal to this court by writ of error.

The land here involved is a part of a tract of land purchased by George Anderson on October 22, 1900, and since that date, and down to the trial of this case in the court below, George Anderson and his wife, Ella Anderson, have continuously used and occupied the land, claiming it as their community homestead. During all of this time they have been in possession of the land either personally or by their tenants.

On October 20, 1920, George and Ella Anderson conveyed the land in question to their two sons, N. C. and Robert Anderson; the entire consideration being recited as the execution and delivery of three vendor's lien notes aggregating the principal sum of $1,750. These notes were transferred to the Longview Oakland Company as collateral security for the purchase price of an automobile which this company sold to George, N. C., and Robert Anderson. The automobile note given the company by George, N. C., and Robert Anderson, together with the vendor's lien notes, were all transferred to Dr. W. G. Hart by the automobile company before maturity for a valuable consideration without any notice to Dr. Hart of any homestead rights of Ella Anderson to the land. On March 26, 1923, Dr. Hart recovered judgment in the district court of Gregg county against George, N. C., and Robert Anderson, foreclosing the vendor's lien notes. Ella Anderson was not a party to this suit. The land was sold under this judgment, and it is through the purchaser at this sale that the defendants in error claim title to the land.

The disposition to be made of this appeal makes it unnecessary to notice the assignments with reference to the judgment of November 3, 1923, in the case of Ella Anderson et al. v. W. G. Hart, since that judgment only becomes material in the event the judgment of March 26, 1923, should be held void.

The court having instructed the jury in this case, it must be conceded, as testified to by George and Ella Anderson, that the sale of the land involved by George and Ella Anderson to their two sons was a fictitious transaction, and entered into solely for the purpose of creating a lien upon the homestead for the purpose of securing the purchase price of the automobile.

■■ Unless the judgment in the case of Dr. Hart against George, N. C., and Robert Anderson, foreclosing the vendor's lien notes entered on March 26, 1923, is void, then it seems to be conceded that the court properly instructed the jury to return a verdict in favor of the defendants in error. The only attack made here by plaintiffs in error upon the judgment foreclosing the vendor's lien notes is that it is void for the reason that Ella Anderson was a necessary party to that suit. The land involved in this suit was community property of George and Ella Anderson, and was their homestead when the judgment in the foreclosure suit to which she was not a party was taken. Under the authorities this judgment, of course, did not bind Ella Anderson in so far as her homestead rights in the property were concerned, but in all other respects it was as binding upon her as it was on the parties to the suit. We do not understand that the judgment foreclosing the vendor's lien notes was void for the failure to make Ella Anderson a party to that suit, but, if she would have that judgment declared void by the court, she must have in this case alleged and proved a homestead right and with notice thereof in the property which would have prevailed over and have legally defeated the foreclosure suit to which she was not a party. Childress

v. Robinson (Tex. Civ. App.) 161 S. W. 78; Brown v. Humphrey, 43 Tex. Civ. App. 23, 95 S. W. 23. This she failed to do, for we do not understand plaintiffs in error to contend that this record discloses any notice to Dr. Hart of any claim of homestead rights in the property asserted by Ella Anderson at the time he purchased the notes from the automobile company.

Neither do we understand that our conclusion in this case is in conflict with the case of Davis v. Cox (Tex. Civ. App.) 176 S. W. 931, cited by plaintiffs in error as supporting their contention. A glance at the opinion in that case will disclose that there was no contention that the plaintiff in that suit to which the wife was not a party acquired the vendor's lien notes sought to be foreclosed, as an innocent purchaser who did not know the facts, and that point alone distinguishes that case from the case at hand.

Finding no error in the record, the judgment of the trial court will be affirmed.