**ANDERSON et al. v. BARNWELL et al.** *
No. 4191.

Court of Civil Appeals of Texas. Texarkana.
May 19, 1932.

Rehearing Denied June 9, 1932.

---

*Writ of error granted.

100

Andrews, Streetman, Logue & Mobley, of Houston, and T. B. Stinchcomb, of Longview, for plaintiffs in error.

Wynne & Wynne, of Longview, C. E. Florence, of Gilmer, Walace Hawkins, of Dallas, and Le Roy Paddock, of Tyler, for defendants in error.

LEVY, J. (after stating the case as above).

There is duly and fully presented for decision the points in view, in effect, that those defendants claiming a right and interest to oil, by lease and deed, in the 50-acre tract may not in the circumstances proven take or obtain the right or legal estate in the oil interests in the land as against the plaintiffs having a recorded legal title either (1) as purchasers of the property without notice for value, or (2) by estoppel. The defendant Donald W. Moore and like named defendants claim interest and rights, not in the surface, but in the oil and minerals under the 50-acre tract, and trace their interests and rights to the oil and minerals through the lease and conveyance from R. C. Barnwell on January 5, 1931, and back to the conveyance of February 27, 1925, which was duly recorded, from George Anderson and Ella. Anderson to the Rembert National Bank. The findings of the jury must be taken, as we conclude, as establishing as a fact that the conveyance by George Anderson and Ella Anderson of the 50-acre tract made on February 27, 1925, to the Rembert National Bank was not an outright sale, was intended as a mortgage, and that R. C. Barnwell, who subsequently acquired the land by deed from the bank, had actual notice or knowledge of the prior fact affecting the transaction between the bank and the Andersons. There is no doubt, as the legal consequence of such findings of the jury, that both of the conveyances mentioned, to the bank and to R. C. Barnwell, would be rendered invalid and ineffectual to operate as a conveyance of the land as between the said parties; the land being, as affirmatively proven, a part of the established and existing homestead tract of George and Ella Anderson. Article 16, § 50, Constitution; Inge v. Cain, 65 Tex. 75; Hardie & Co. v. Campbell, 63 Tex. 292; Musick v. O'Brien (Tex. Civ. App.) 102 S. W. 458, and other cases; Speer on Marital Rights, § 480. The plea of homestead would conclusively prevail over the convey-

ance to R. C. Barnwell, because he took the land, as established, with notice or knowledge concerning the prior fact affecting the transaction between the bank and the Andersons. Forbes v. Thomas (Tex. Civ. App.) 51 S. W. 1097; Bludworth v. Dudley (Tex. Civ. App.) 173 S. W. 561; and other cases. And, as further conclusively established by the evidence, George Anderson and Ella Anderson on September 10, 1930, executed a mineral lease to B. P. Seay covering the 50-acre tract, and on September 27, 1930, executed a mineral deed to Palmer Bradley to an undivided interest in oil under land covering a part of the 50-acre tract. These two instruments were . duly filed for record in the county clerk's office on September 11, 1930, and September 27, 1930, respectively. It was thereafter and of date January 5, 1931, that both the mineral lease and the mineral deed were executed by R. C. Barnwell to Donald W. Moore and the other defendants. In virtue of the recording acts, these prior recorded conveyances would prevail because the defendants would be legally chargeable with constructive notice, and they would be cut off from asserting any rights against the plaintiffs having a valid legal title. Articles 6627, 6646, R. S.; Gaston & Thomas v. Dashiell, 55 Tex. 508; Copelin v. Shuler (Tex. Sup.) 6 S. W. 668; and other cases; 39 Cyc. pp. 1648–1651; 46 C. J. § 46, p. 550; 27 R. C. L. § 432, p. 669; 2 Pomeroy, Eq. Jur. (4 Ed.) §§ 604, 655.

The intention of the recording acts is to compel every person receiving conveyances of real property to place such an instrument of record, not only that he may thereby protect his own rights, but also those of all others who may afterwards seek to acquire an interest in the same property. In this manner a person about to deal with respect to a tract of land may be able to discover, or find the means of discovering, as was designed the public deed records should afford, every existing and outstanding title or interest in it which could affect the rights of a bona fide purchaser. The law intends to and does favor the recorded title, and any conveyance which is duly recorded must thereby obtain all the benefits which depend upon or flow from the fact of registration. Under the settled rules generally applicable to such situations, Donald W. Moore and the other defendants may predicate the right to take or obtain a legal estate or hold the oil interest claimed freed from the legal rights of George and Ella Anderson as well as the other plaintiffs in the case only that they acquired their rights without notice of the duly registered interests or claims of the plaintiffs in the same property. This involves, not a question of title, but a question of notice. It is a general rule most clearly established that a person who acquired a legal or equitable interest in property, even for a valuable consideration,

but with notice that the same property is already affected by a legal or equitable claim in favor of another, does not take the property freed from the claim or interest of such other person. By affirmative finding of the jury, Mr. Donald W. Moore at the time of the agreement of the lease by E. H. Brawley was personally informed by Mr. Brawley of the fact of the execution by George Anderson and Ella Anderson to B. P. Seay of the mineral lease. Thus Mr. Moore, as a fact, had information tending to show the existence of the fact of a prior right in Mr. Seay in conflict with the interest he was seeking to obtain. And as to all the defendants the circumstance appears sufficient at least to excite inquiry that George Anderson and Ella Anderson were in long continuous actual possession of the premises, as though no sale had been made since the deed in 1925 to the Rembert National Bank. As observed in Davis v. Cox (Tex. Civ. App.) 176 S. W. 931, 932, as applicable to a grantor remaining in possession, "he knew that in Texas when a sale of land is made, the vendee usually does not permit the vendor to remain in possession as though no sale had been made for nearly four years."

█ The only exception relied upon as relieving the effect of George Anderson and wife's maintaining the long continuous actual occupancy of the land for six years after having executed the conveyance to the Rembert National Bank, and which was put of record, is the case of Eylar v. Eylar, 60 Tex. 315, and the other cases following it. The defendants in the present case were exhibited and read the deed from George and Ella Anderson to the Rembert National Bank, and the certified abstract showing the deed, and relied upon this recorded deed in the purchase of the estate in the land. They did not make personal examination of the deed record. It is believed that constructive notice arising by the long actual continued occupancy of the land by George Anderson and wife from the date of their conveyance to the Rembert National Bank in 1925 including the date of conveyances to Donald W. Moore by R. C. Barnwell on January 5, 1931, being about six years, was a circumstance inconsistent with possession merely by sufferance and sufficient to put the purchaser on inquiry of the rights of George Anderson and wife; that the inquiry if prosecuted sufficiently would have disclosed the rights of George Anderson and the other plaintiffs, their conveyances having been previously put of record. Therefore constructive notice plays the most important part in the situation shown by the facts. In the case of Eylar v. Eylar, supra, it was held that possession merely put on inquiry and that inquiry is prosecuted sufficiently when the purchaser examines the records and finds a deed from the party in possession. Although in the Eylar Case J. F. Eylar and wife had executed an absolute warranty deed to O. A.

Eylar, and which was duly registered, yet there was no subsequent conveyance of the property by J. F. Eylar and wife and duly placed of record in divestiture of their title and possession. And further in that case it does not appear that there was some six years' continued possession by J. F. Eylar and wife after the date of the deed to O. A. Eylar. In such respects that case stands upon different grounds from the case now before us for consideration. It was purely in such circumstances as there existed that the court held that, although the vendor remained in possession of the premises, yet the purchaser could rely upon the public records and was not bound to inquire further as to the rights of the grantors in the property. In the absence, as was the case, of the factual element of a long-continued occupancy of the land and also of a subsequent recorded conveyance from J. F. Eylar and wife antagonistic to their first recorded deed, strangers about to deal for the property could fairly and in good faith have assumed and reasonably have referred the continued possession of J. F. Eylar and wife of the property to merely sufferance for the time being of their grantee. It is not believed that it was intended to have the rule in the Eylar Case extend to a situation as is shown in the present case. In the present case, as stated, George Anderson and wife maintained a long-continued possession of the land and did place of record other conveyances in divestiture of their title and possession of oil interests in the land. The provisions of these recorded instruments were wholly inconsistent and not consistent with any right to occupy the premises under the record of the prior recorded deed to the Rembert National Bank or merely by sufferance of the bank or R. C. Barnwell. There was the long interval of time of six years between such recorded conveyances and the ones to the bank and R. C. Barnwell, relied on as a divestiture of the title and possession of the Andersons. All these factual elements would, as could reasonably be assumed and fairly considered, destroy the effect of possession under the deed to the Rembert National Bank and to R. C. Barnwell as being by mere sufferance or permission of such grantee. Therefore the possession of George Anderson and wife and the recorded deeds would upon inquiry and examination have fully disclosed the rights of George Anderson and wife and the other plaintiffs. In this conclusion the plaintiffs would be entitled to recover against these particular defendants, and judgment should accordingly so be entered.

█ It is next urged that the recovery by the defendants, as respects the 80-acre tract, is contrary to the preponderance of the evidence. It is believed that the evidence is sufficient to warrant the finding by the jury that the conveyance of George Anderson and Ella Anderson was an outright sale and not

in fact intended as a mortgage of the land. Being in fact a valid deed, passing the title, all the land covered by that deed would pass to and be acquired by the purchaser, although the conveyance in evidence to the bank and R. C. Barnwell overlaps the deed to E. H. Brawley.

Evidence was offered by the plaintiffs as tending to explain that the deeds from Anderson and wife were in fact mortgages. Upon objection to the evidence as against the defendants, the court at the time in sustaining the objection orally stated to the jury that, "Gentlemen of the Jury, in the testimony these two bankers have given as to conversations, you will not consider this testimony, if you consider it at all, as against the Mullendore Trust Company, Thomas N. Berry and Donald W. Moore." It is urged that there was error in so doing because (1) it was not done in writing, and (2) was upon the weight of evidence in limiting the effect of testimony. The evidence was not admissible for all purposes but in limitation against some of the parties. It is thought the admonitory statement to the jury, as it merely was, in respect to the ruling upon the evidence, was not erroneous, authorizing a reversal of the judgment.

We have carefully considered all the other assignments of error, and think they should be overruled as not warranting a reversal of the judgment.

The judgment as respects the recovery by the Mullendore Trust Company, Thomas N. Berry, Donald W. Moore, and R. Jungbecker is so far modified as to deny each of them any recovery in a leasehold estate or estate in the minerals in the 50-acre tract in suit. The judgment of the trial court in all other respects and as to all other parties will be affirmed. The judgment is modified, and as modified is in all things affirmed. The plaintiffs will pay one-half the costs of appeal, and the defendants above specially named will pay, jointly and severally, one-half the costs of appeal.