GEORGE ANDERSON ET AL. V. E. H. BRAWLEY ET AL.
(R. C. BARNWELL ET AL.)

No. 6315. Decided October 9, 1935.
Rehearing overruled November 6, 1935.
(86 S. W., 2d Series, 41.)

*Sam Streetman, Palmer Bradley, Andrews, Streetman, Logue & Mobley, Andrews, Kelley, Kurth & Campbell,* and *W. M. Streetman,* all of Houston, *Young & Stinchcomb,* and *McDonald, Grant & Cantwell,* all of Longview, for plaintiffs in error.

It was erred to limit the testimony of witnesses regarding certain conversations and in instructing the jury verbally not to consider said testimony as binding upon the defendants and those claiming under him. Davis v. Houston Belt & Ter. Ry. Co., 32 S. W. (2d) 216; Bond v. Kirby Lbr. Co., 2 S. W. (2d) 936; Texas & Pac. Ry. Co. v. Perkins, 48 S. W. (2d) 249; Franklin v. Tiernan, 62 Texas, 92; Owens v. Navarro Co. Levee Imp. Dist., 115 Texas, 263, 280 S. W., 532; Burrows v. State, 81 S. W. (2d) 523.

*C. E. Florence,* of Gilmer, *W. H. Francis, A. S. Hardwicke* and *Walace Hawkins,* all of Dallas, *F. A. Williams,* of Galveston, *Wynne & Wynne,* of Longview, and *G. C. White,* of Cushing, Okla., for defendants in error.

Errors as to limitation are harmless and need not be considered. Hiner v. Meyer, 44 S. W. (2d) 961; National Compress Co. v. Hamlin, 114 Texas, 375, 269 S. W., 1024; Shell Pipe Line Corp. v. Svrcek, 37 S. W. (2d) 297; Speer Special Issues, Secs. 125, 127: Rule 62a for Court of Civil Appeals.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This case, when the two applications for writs of error were filed, was a consolidated case. Two separate suits were filed originally, each being in trespass to try title. In one George Anderson and wife sued R. C. Barnwell, Donald W. Moore, Mullendore Trust Co., Thos. N. Berry and R. Jungbecker. It is known as the Barnwell suit. In the other the same plaintiffs, Anderson and wife, sued E. H. Brawley, Jake L. Hamon and Joseph M. Weaver. It is known as the Brawley suit. Plaintiffs in the Barnwell suit made Brawley, Weaver, Hamon and Magnolia Petroleum Company additional parties defendant to that suit. Magnolia Petroleum Company, Hamon and Weaver filed answers in that suit similar to those filed in the Brawley case. The two suits were then consolidated and tried together by the court with a jury.

The following excerpt from the opinion of the Court of Civil Appeals (52 S. W. (2d) 96) states in summary the judgment rendered by the trial court upon findings made by the jury:

"The plaintiffs George and Ella Anderson recovered 14 acres of R. C. Barnwell, this being out of the 50-acre tract conveyed by the bank to R. C. Barnwell, and being the part not in conflict with the 80-acre tract deeded to E. H. Brawley. This recovery by the plaintiffs was made subject to the leasehold estate of the Mullendore Trust Company and Thomas N. Berry and subject to the estate in the minerals acquired by Donald W. Moore, R. Jungbecker and B. P. Seay. The defendant Donald W. Moore recovered an undivided one-half mineral interest in 14.5 acres of land out of the 45.5-acre (Barnwell) tract, less the mineral interest decree to Jungbecker in said tract, and the defendant Jungbecker recovered an undivided one-ninth mineral interest in said 14 acres. The plaintiff, N. P. Seay, recovered an undivided one-half interest in said 14 acres out of the 45.5-acre tract subject to the mineral interests of the Mullendore Trust Company and Thomas N. Berry.

"The defendant Brawley recovered against the plaintiffs George and Ella Anderson, Cranfill-Reynolds, and B. P. Seay the two tracts aggregating 80 acres. The recovery, however, was subject to the leases in favor of Jake L. Hamon, Joseph M. Weaver, and Magnolia Petroleum Company. The defendants Hamon, Weaver and Magnolia Petroleum Company recovered a leasehold estate in said 80 acres of the Brawley

tract, and this recovery was against all of the other parties to the suit. The defendants Mullendore Trust Company and Thomas N. Berry recovered a leasehold estate against all of the defendants in the 14 acres, title to which was recovered by George and Ella Anderson."

The action of the Court of Civil Appeals upon appeal is set forth in the concluding paragraph of its opinion, which reads:

"The judgment as respects the recovery by the Mullendore Trust Company, Thomas N. Berry, Donald W. Moore, and R. Jungbecker is so far modified as to deny each of them any recovery in a leasehold estate or estate in the minerals in the 50-acre tract in suit. The judgment of the trial court in all other respects and as to all other parties will be affirmed. The judgment is modified, and as modified is in all things affirmed. The plaintiffs will pay one-half the costs of appeal, and the defendants above specially named will pay, jointly and severally, one-half the costs of appeal."

It is unnecessary to make any reference to the conflict in the tracts of land involved in the two suits further than to say that the effect of the disposition of the two cases upon appeal was to ward title to all the lands involved in both suits to the defendants in error Brawley, Hamon, Weaver and Magnolia Petroleum Company except the 14-acre tract involved, which is not in conflict.

Writ of error was granted to review the judgment of the Court of Civil Appeals upon the application of the parties claiming mineral interests under Barnwell, but this entire branch of the case has subsequently been disposed of by settlement, and the writ on this branch has been dismissed by agreement of all parties interested.

A writ was granted also to review the judgment of the Court of Civil Appeals affirming the judgment in favor of Brawley and those claiming under him. The writ was granted with the brief notation: "We will hear the case," and this branch of the case is now before the court for review. The dismissal of the writ on the Barnwell branch leaves as interested parties only the defendants in error above named and plaintiffs in error, George Anderson and wife, Cranfill-Reynolds Company and B. P. Seay.

Anderson and wife sued Brawley and those claiming under him upon the theory that the instrument evidencing the conveyance by them to Brawley, while in form a deed, was in reality a mortgage; that the land conveyed being their homestead, its conveyance for security purposes was void under the Consti-

tution. Brawley defended on the ground he acquired the title in fee; and Hamon, Weaver and Magnolia Petroleum Company, the successive oil and gas leaseholders under Brawley, defended on the ground they were innocent purchasers. The jury found in response to special issues that the deed under which the land in question was conveyed by Anderson and wife to Brawley was not intended either as security, or to protect Brawley from a money liability; and that the Andersons did not occupy the land as a part of their homestead after they made the deed to Brawley. The issues inquiring in effect whether Brawley's lessees were entitled to protection as innocent purchasers were not answered, under instructions in the charge not to answer same unless the deed was found to be a mortgage.

The chief complaint of plaintiffs in error is that the trial court, in admitting certain testimony upon the trial, erred in limiting consideration thereof by instructing the jury verbally not to consider it as binding upon designated parties; and further, that the court erred in the phraseology employed in thus limiting the consideration of the testimony.

The testimony referred to was that of the witnesses Meredith, Brawley and Sullivan. Meredith wrote the deed in question. He testified as to two conversations, one with Rembert National Bank and the other with Brawley. The conversation with the bank and the court's ruling in connection therewith is unimportant, in that after objections of counsel had been made, and exception to the court's ruling had been noted, his answer was "I don't exactly remember what was said in the conversation with the bank." Meredith was then asked what the substance of his conversation with Brawley was. Objection was urged to its admission by counsel for Hamon, Weaver and Donald W. Moore, upon the ground it would be hearsay and not binding as to the defendants in error named. The important part of the conversation recited in the Q and A records, reads: "Mr. Brawley said that the negro owed him for—whatever it was, $950.00 or $960.00, whatever the amount was. He said you remember you took a * * * I got a deed from George which you wrote; he said, 'I took that for security, you see.' He said, 'If George can pay me, that's all I want; I will deed the land back to George'." Witness Brawley testified as to a transaction between him and William Anderson, George's boy. Objection was made to its admission on behalf of Donald W. Moore and others claiming under him, that the transaction was hearsay and not binding upon those in whose

behalf the objection was urged. Witness Sullivan, after similar objections and ruling thereon by the court, testified concerning a deed from Brawley to William Anderson and wife. It is not necessary to state the substance of the testimony of either Brawley or Sullivan. As to subject matter it is the same type of testimony as that of the witness Meredith above quoted. All of the testimony in question was offered by plaintiffs in error as tending to show, and did tend to show, that the deed from George Anderson and wife to Brawley was a mortgage.

The court admitted the testimony of the three witnesses, limiting admission in each instance. In ruling upon the admissibility of Meredith's testimony the court said: "Gentlemen, you will not consider this testimony as to those defendants," (Hamon, Weaver and Donald W. Moore). The Brawley testimony was admitted with this statement: "Gentlemen, in considering this testimony, if you consider it at all, you will not consider it as evidence against" the defendants in error designated in the objections. With respect to the testimony of Sullivan the court's words were, "All right, you will not regard the testimony so far as the other defendants are concerned," they being the same parties named in the objections to the Brawley testimony.

Counsel for plaintiffs in error in reserving exceptions to the respective rulings of the court, said, following admission of Meredith's testimony: "The court will note our exception to the limitation, it being also understood at that time that Mr. Brawley had not conveyed any interest to that tract of land and still held all the title." The exception in every instance was "to the limitation."

■ The testimony of the three witnesses was admissible as bearing upon the George Anderson and wife conveyance to Brawley, and was relevant to the special issue inquiring whether the instrument of conveyance was intended as a mortgage. It was cumulative of other evidence upon this issue. It had no bearing, however, upon the innocent purchaser issue, as appears from the nature of the testimony. It was admissible as against Brawley, and was not admissible as against the oil and gas leaseholders who were strangers to the transactions to which the testimony related, and who were urging defenses independent of the Meredith-Brawley-Sullivan conversations and transactions.

The court did not limit the testimony as to its subject

matter. In this respect plaintiffs in error received its full benefit as cumulative evidence. The limitation imposed by the rulings of the court related to the parties against whom the testimony was not to be considered. It was the trial court's duty, upon objections being made as above set out, to instruct the jury in such manner as to prevent their being confused.

The chief complaint of plaintiffs in error is that the trial court committed reversible error in the language used in ruling upon the objections above referred to, particularly the clause used in limiting Brawley's testimony, "if you consider it at all."

■ It will be noted from the court's language used in limiting the testimony that the jurors were not told they were at liberty to disregard the subject matter of the testimony without exercising their own judgment as to the credibility of the witness, as was done by written charge in the case of Dwyer v. Bassett, 63 Texas, 277, relied upon by plaintiffs in error. The limitation in the case at bar is as to parties, and not a limitation touching the subject matter of the testimony. It carries no inference as to the credibility of the witness. The case relied upon is not applicable to the facts in this case. While the clause of the instruction complained of is surplusage, it was not calculated to cause the jury not to consider the testimony in connection with the deed or mortgage issue upon which it had a direct bearing. There is no testimony connecting the parties named in the instruction in any way with the transactions testified about by Meredith, Brawley and Sullivan, and the court's instruction was calculated to prevent any confusion in the jury's mind in this regard. Only the parties who had no connection with the transaction referred to in the testimony were tendering objections. The court directed that the testimony not be considered as against these parties. The effect of the instruction was merely to limit consideration of the testimony to the Anderson-Brawley issue of deed or mortgage, and could not reasonably have confused the jury.

■ Furthermore the record bears no indication that plaintiffs in error objected to the *language* used by the court. No objection was made that the limitation was stated verbally, or that it was a general charge not in writing. The exception reserved by plaintiffs in every instance was an exception "to the limitation" only. Plaintiffs in error did not suggest to the trial court that the language now pointed out as objectionable

might be confusing to the jury. They did not verbally, or by written motion ask that it be struck out; nor did they request a curative special charge to be given in connection with the main charge. Their complaint relates to rulings made orally by the court in the course of the trial. The rulings were precautionary in their nature, and were made in conformity with correct trial practice and procedure. The trial court was given no opportunity to consider or pass upon the complaints now urged. Objections to the language used by the court in ruling upon the admissibility of testimony, or in limiting its application, not made at such time as to afford the court opportunity upon the trial to pass upon them, come too late when presented in the motion for new trial. The rule is no less strict than applies to objections to the written charge. See Fort Worth & D. C. Ry. Co. v. Rowe, 69 S. W. (2d) 169; Ford Motor Co. v. Maddin (Com. App., opinion adopted), 124 Texas, 131, 76 S. W. (2d) 474.

We have considered the other assignments of error and find no reversible error. The judgment of the Court of Civil Appeals as to the Brawley branch of the case is affirmed.

Opinion adopted by the Supreme Court October 9, 1935.

Rehearing overruled November 11, 1935.