GRAVES et al. v. GUARANTY BOND
STATE BANK.

No. 5924.

Court of Civil Appeals of Texas.
Texarkana.

April 9, 1942.

made in the payment of the note, said bank, defendant below, became the purchaser for the sum of $240, and said Blalock as trustee conveyed the land to defendant. This trustee's deed was filed for record November 17, 1934.

In this suit filed in October 1940, Mrs. Mary Goodson Graves and others, plaintiffs below, the children and heirs of J. A. and Ellie Manor, pleaded a trespass to try title action to recover an undivided one-half equitable interest and, in another count sought to cancel and hold for naught as being void above-mentioned trustee's deed. A trial to the court resulted in a judgment that plaintiffs take nothing by their suit.

Appellants attack the sufficiency of the evidence to support the court's findings that the notices of sale were duly posted in accordance with the terms of the deed of trust; and that the sale by the trustee was made on November 1, 1932. The deed of trust provides for sale at public auction, between the hours of 10 a.m. and 4 p.m. on the first Tuesday in any month, after having given notice of such sale by posting written notices thereof for three consecutive weeks prior to the day of sale in three public places in said county, one of which notices shall be at the court house of Cass County. The deed of trust stipulates, "it is further specially agreed by the parties that any and all statements of facts or other recitals made in any deed given by the trustee as to the time, place and terms of sale, or as to any act or thing having been done by the trustee, shall be taken by any and all courts as, prima facie evidence that said statements or recitals do state facts and are without question to be accepted as true and correct." The trustee's deed recites, "I proceeded to sell said property at public auction, at Linden * * * between the hours of 10 o'clock A. M. and 4 o'clock P. M. on Tuesday the first day of November, A. D. 1932, after having given public notice of the time, place and terms of such sale, as required by the terms of said deed of trust"; and "at such sale said property was struck off to Guaranty Bond State Bank of Queen City * * *."

The trustee testified, "I didn't personally post notices in three places in Cass County; I had it done by the sheriff * * * I posted one at Queen City and may have posted one at Atlanta; didn't post one at the Court House in Linden, but the sheriff did; I know they were posted in compliance with the law; * * * I delivered

Carney & Carney and Tom J. Mays, all of Atlanta, for appellants.

Tom N. Cope, of Atlanta, and J. A. R. Moseley Jr., of Texarkana, for appellee.

**WILLIAMS, Justice.**

During the marriage of J. A. Manor and Ellie, his wife, the fee-simple title to the 106-acre tract here involved was conveyed by general warranty deed to J. A. Manor. The deed was promptly filed for record. Ellie Manor died in 1921. On December 28, 1929, J. A. Manor executed a deed of trust conveying above land to R. E. Blalock, trustee, with the Guaranty Bond State Bank of Queen City, Texas, as beneficiary to secure the latter in the payment of a promissory note in the sum of $216.56, executed by J. A. Manor to said bank, dated December 28, 1929, and due November 1, 1930. J. A. Manor died October 8, 1933. At the trustee's sale, default having been

a copy of the notice of sale to Mr. Manor and I had quite a conversation with him on the same morning or the next morning about the business." No testimony by any other witness was heard on this point.

The trustee's deed recites that it was signed and acknowledged on November 16, 1934. The deed recites November 1, 1932, as the day of sale. The trustee testified that if the deed recites it was signed November 16, 1934, and "if that ain't the correct day it wasn't my mistake, but of the man that wrote the deed; * * *" that the statement in his deed that the sale was had on the 1st day of November 1932, was a correct recitation; "I sold it on the day that paper says there * * * I kept no memorandum, and I can't go back and say what year or what day of the week I sold the land, and I don't know whether it was a Tuesday or a Friday, or in 1932 or 1934." On February 22, 1934, which is some nine months prior to November 16, 1934, Mary Goodson Graves, one of the plaintiffs here, caused to be filed in the probate court of Cass County an inventory and appraisement in the estate of J. A. Manor, deceased. As administrator of that estate she recited in the inventory that her father had executed a deed of trust covering this tract; that it had been foreclosed; that the bank was then in possession; and the tract "is therefore of no value to the estate." No effort was made to administer upon or to include same in the probate proceedings.

Applicable here under the provisions of the deed of trust set out above, together with the recitals in the trustee's deed, both introduced in evidence, it is stated in Adams v. Zellner, 107 Tex. 653, 183 S.W. 1143, 1144, "In virtue of the provision in the deed of trust, just quoted, the deed established, prima facie, that in the sale under the foreclosure all of the requirements of the law were observed including the posting of the necessary notices." See also Natalia v. Witthaus, 134 Tex. 513, 135 S.W.2d 969, 977. In testing the sufficiency of the evidence to support a court's or jury's finding of fact, McCarty v. Hogan, Tex.Civ.App., 121 S.W.2d 499, 502, citing numerous holdings, quotes with approval from 17 T.J. 909, a rule of evidence, namely: "If, discarding all adverse evidence, and giving credit to all evidence that is favorable to the successful party, and indulging every legitimate conclusion that is favorable to him, a jury might have found in his favor, then it is to be concluded that there is evidence to support the verdict." Applying above rule to the evidence here presented, we would not be warranted in disturbing above findings of the trial court, the trier of the facts.

If it be conceded, as contended by appellants, that the trustee's sale was had on November 16, 1934, after the death of J. A. Manor, his death did not revoke the power of sale given in the deed of trust.

"* * * the existence in the probate court of a jurisdiction to assume control of the estate for administration, which was never invoked and never exercised, neither extinguished nor superseded the power of sale given the trustee by the deed of trust." Natalia v. Witthaus, 134 Tex. 513, 135 S.W.2d 969, 974.

This is likewise applicable to appellants' seventh assignment of error.

Appellants' fifth assignment of error reads: "The court erred in concluding and finding as a matter of law that the bank was an innocent purchaser for value without notice." The legal title to the land in controversy stood in the name of J. A. Manor, the husband, at the time appellee made the loan to him and obtained the deed of trust lien. The tract was timber land, unimproved and unoccupied. Manor's homestead was located on another tract. The difficulty the bank had with some of the appellants relates to a time subsequent to the sale. "A purchaser of property that stands in the name of husband, who pays value therefor without notice that it is community property * * * will be protected as an innocent purchaser as against her claim or that of her heirs," claiming an equitable interest. 43 T.J. p. 632; 43 T.J. p. 678; Edwards v. Brown, 68 Tex. 329, 4 S.W. 380, 5 S.W. 87; Realty Trust Co. v. Craddock, 131 Tex. 88, 112 S.W.2d 440, 442. "It is generally admitted that a bona fide mortgagee, holding a mortgage based on sufficient consideration, and without notice of a prior claim, is entitled to the same protection as a bona fide grantee without notice." 19 R.C.L. p. 409; 29 T.J. p. 855; Barrett v. Eastham Bros., Tex.Civ.App., 86 S.W. 1057, 1059. The burden of proof rested upon appellants to show that the appellee was not an innocent purchaser. 43 T.J. p. 689 and authorities there collated. Under this record above set out and the authorities cited, this court would not be warranted in disturbing above finding of the trial court.

The judgment is affirmed.