FIRST SAVINGS AND LOAN ASSOCIA-
TION OF EL PASO and W. C.
Peticolas, Trustee, Appellants,

v.

Carolina G. AVILA, Appellee.

No. 6511.

Court of Civil Appeals of Texas,
El Paso.

June 30, 1976.

Rehearing Denied July 28, 1976.

Peticolas, Luscombe, Stephens & Windle, W. C. Peticolas, El Paso, for appellants.

Malcolm McGregor, Inc., Steven Bercu, Philip T. Cole, El Paso, for appellee.

OPINION

OSBORN, Justice.

This is an appeal from a permanent injunction which enjoined the foreclosure sale under a deed of trust lien on property owned and occupied by the Appellee. We reverse the judgment of the Trial Court and the injunction is dissolved.

The Appellee has lived at 6146 Tampa in El Paso since 1959. The property was actually deeded to her in March, 1963, and a vendor's lien was retained in favor of El Paso Federal Savings and Loan Association to secure payment of a note in the amount of $5,000.00. Albert Castle was also named as a grantee in the deed since he was a guarantor on the note. In 1971, Appellee got behind on her note payments and borrowed approximately $185.00 from her brother, Ray Garcia, to make such payments. On September 20, 1971, Appellee and Albert Castle executed and delivered to Ray Garcia a warranty deed to the property in which he assumed and agreed to pay the balance owing upon the note payable to El Paso Federal Savings and Loan Association. The deed was filed of record in October, 1971, but Appellee continued to remain in possession of the house located on the property in question. She testified that she did not know that she had signed a deed to her brother; she did know when subsequent payments were made to El Paso Federal Savings and Loan Association that the payment book only showed her brother's name.

On July 21, 1972, Ray Garcia, as the record owner of the property, obtained a loan from the Appellant, First Savings and Loan Association of El Paso, and executed a deed of trust covering the property in question to secure a promissory note in the amount of $5,067.00. On November 1, 1973, Ray Garcia deeded the property back to his sister by a deed which made no reference to the lien in favor of the Appellant. After having paid the note down to about $2,500.00, Ray Garcia defaulted and Appellant posted notices for a trustee's sale and this suit to enjoin the sale resulted.

The Appellants present six points of error attacking certain findings of fact and five points of error attacking certain conclusions of law. All points are presented and argued together. The appeal actually presents one basic issue, and that is whether a mortgagee must ascertain the rights of the prior owner and present occupant of property being mortgaged when the occupant has been living on the property for less than a year since deeding the property to the mortgagor.

The Appellant, First Savings and Loan Association of El Paso, as a mortgagee, is basically in the same position as a purchaser of the property, at least to the extent of the money loaned to the mortgagor. *Graves v. Guaranty Bond State Bank*, 161 S.W.2d 118 (Tex.Civ.App.—Texarkana 1942, no writ). With regard to possession constituting notice, the general rule is set forth in 59 Tex.Jur.2d, Vendor and Purchaser § 764, as follows:

"If real property is not in the possession of the vendor, the purchaser may not assume that the possessor is holding under or in subordination of the title as shown by the record. Possession is evidence of ownership and is said to be equivalent to registration in that it gives constructive notice of the possessor's rights. But its office is merely to put a purchaser on inquiry; it does not necessarily determine the nature of the inquiry or of whom it should be made."

The nature of the inquiry was discussed at length in *Eylar v. Eylar*, 60 Tex. 315 (1883). In that case, J. F. Eylar and wife conveyed the property in controversy to O. A. Eylar, by deed absolute in form, containing a clause of general warranty. After the deed, J. F. Eylar remained in possession of the property. O. A. Eylar subsequently conveyed the property to his mother, Ann A. Eylar. In this suit, it was contended that the deed to O. A. Eylar should only operate as a mortgage, but there was no evidence that Ann A. Eylar had actual knowledge that the instrument was intended by the parties to be a mortgage. In passing upon the issue before it, the Court said:

"It would seem that the sole office which possession performs, in the matter of notice, is to put a person desiring to purchase upon inquiry, and that it has no effect in determining what the inquiry shall be, or of whom it shall be made.

"The policy of the law, as evidenced by our statutes, requires all conveyances of land or interests therein for a term long-

er than one year to be evidenced by writing, and when parties place, in this the most certain and enduring form, the evidence of their right, they ought to be held, so far as third persons are concerned, to have therein spoken truly in respect to the title to the land to which the conveyance relates.

"That all persons who may deal with persons claiming land may have the means of knowing in whom titles to land rest, and that no one may buy what appears to be a good title, when another person may have better right not made public, the law requires all persons, for the protection of innocent purchasers and creditors, to register their titles to land.

"Such being the case, can it be said, even if possession is sufficient in all cases to put purchasers upon inquiry, that such inquiry is not prosecuted sufficiently far, when the person who desires to buy examines the records of the county and finds on record a deed from the person in possession to the person who offers to sell, and who under that deed asserts title.

"If the inquiry is prosecuted to the highest source which the law of the land declares shall exist for the determination of title, and to the source which the parties have created as the highest evidence of their respective rights, can it be true that it is further necessary to examine sources inferior and make inquiry as to whether or not there are claims, or even rights, in others not evidenced as the law requires, or otherwise the purchaser be charged with constructive notice of secret vices in the title which he buys.

"To so hold, we are of the opinion, would be to strike at the very foundation of the policy upon which registration laws rest.

"* * *

"By the deed in question, the parties who now assert claim through a secret agreement declared in the most solemn form that the land in controversy was the property of O. A. Eylar; they permitted that declaration to be placed on record for the very purpose of giving information to all persons as to the true ownership.

"Such being true, can the simple fact that they remained in possession of the land which they had declared belonged to another, which they might lawfully do as the tenants at sufferance or otherwise of such other person, make it requisite for any person who may desire to buy from the person whom they have so declared to be the owner, to inquire of themselves whether or not they had uttered the truth in their deed, whether or not their own declaration was false?

"We are of the opinion, under the facts in this case, that a purchaser from O.A. Eylar was not bound to inquire of the appellees what right they had in the land; that the inquiry was sufficiently prosecuted; prosecuted as far as a prudent man, having a due regard to the rights of others, and to his own protection, would be bound to prosecute it, when he looked to the record and there found that O. A. Eylar was declared by the very persons in possession to be the true and absolute owner of the land."

The same rule with regard to both a purchaser or mortgagee is set forth in *Dallas Trust & Savings Bank v. Pickett*, 59 S.W.2d 1090 (Tex.Civ.App.—Waco 1933, writ dism'd), where the Court said:

"* * * The well-established rule is that a purchaser or mortgagee from a vendee whose vendor remains in possession is not, merely by virtue of such possession alone, charged with notice of a secret claim in such property by such prior vendor where the purchaser or mortgagee relies on a deed duly executed and delivered by such prior vendor. It is said that such purchaser or mortgagee has a right to rely upon such deed as a complete divestiture of title. *Eylar v. Eylar*, 60 Tex. 315; *Guaranty Bond State Bank v. Kelley* (Tex.Com.App.) 13 S.W.2d 69."

The rule is also set forth in 5 Lange, Texas Practice, Land Titles and Title Examination § 816 at 261. This Court followed the rule

in *Dorsey v. Temple,* 103 S.W.2d 987 (Tex. Civ.App.—El Paso 1937, writ dism'd by agr.). Also see: *Sandoval v. Rattikin,* 395 S.W.2d 889 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.), cert. denied, 385 U.S. 901, 964, 87 S.Ct. 199, 17 L.Ed.2d 132 (1966).

An exception to the rule was noted in *Anderson v. Barnwell,* 52 S.W.2d 96 (Tex. Civ.App.—Texarkana 1932), aff'd, 126 Tex. 182, 86 S.W.2d 41 (1935), where the Court noted that continued possession for a period of six years, after having executed a conveyance, along with other evidences of ownership, was a circumstance sufficient to put a purchaser on inquiry of the rights of the possessor, and that such inquiry should go beyond the prior deed and that alone. We do not believe that such exception to the general rule announced in the Eylar case is applicable to the facts in the case now before the Court.

The Appellee having executed a general warranty deed which was absolute on its face and which recited that the grantee had assumed and agreed to pay the balance owing on the original vendor's lien note, and that deed having been recorded and relied upon by the Appellant at the time it made a loan to the then record owner, the mortgagee was entitled to foreclose its lien upon default in payment since there is no evidence that the mortgagee actually knew that the deed from the Appellee to her brother was only intended as a mortgage or security agreement.

The Appellee contends that the evidence as to a title search made by the Appellant was hearsay and, further, that the search was made on the day prior to the actual loan and execution of the deed of trust, and that therefore the Appellant cannot claim that it made the loan knowing that Ray Garcia was the record owner. This argument cannot prevail since the record establishes that the deed to Ray Garcia was of record at the time of the loan and the Appellant, like all of the world, was charged with notice under the recording statute. Art. 6646, Tex.Rev.Civ.Stat.Ann.

We sustain Appellants' Points of Error Numbers Four and Seven through Eleven. The judgment of the trial Court is reversed, it is ordered that Appellee take nothing, and the permanent injunction is dissolved.