### SOUTHEASTERN RESOURCES CORPORATION et al., Appellants,

v.

### Robert M. KINCAID et al., Appellees.

#### No. 11–84–223–CV.

Court of Appeals of Texas, Eastland.

March 7, 1985.

Scott A. Morelock, William W. Bell, Bell & Ellis, Brownwood, for appellants.

W.H. Hoffmann, Jr., Hoffmann and Siebert, Eastland, for appellees.

RALEIGH BROWN, Justice.

This case involves the ownership of an undivided mineral interest. Southeastern Resources Corporation and the heirs of W.H. Williams, (W.H. Williams, Jr., Joseph R. Williams, Elizabeth W. Langston and Sara Alice Stevens), appellants, commenced this action to remove an alleged cloud on their title to a mineral interest asserted by Robert Kincaid and the heirs of W.L. Williams, (Cleo Williams, Dollie M. Williams, Marviline Williams Coffey, Loren Coffey, Thomas W. Williams, Leona Williams Minor, Billy Joe Minor, Emma Lee Williams Helms, Jack D. Helms and Thurmond R. Williams), appellees. The appellees filed a counterclaim seeking removal of the cloud cast on their alleged title because the heirs of W.H. Williams had executed an oil and gas lease to Southeastern Resources Corporation on the property. The jury answered a single special issue in favor of the heirs of W.L. Williams and their lessee, Robert M. Kincaid. Judgment was entered for them. The heirs of W.H. Williams and Southeastern Resources appeal. We reverse and render.

In 1918, Mr. and Mrs. Sebe Boyd executed a mineral deed. The County Clerk's records show that this deed conveyed to *W.H.* Williams an undivided one-fourth oil, gas and mineral interest in a certain 160-acre tract in Eastland County, Texas. The original deed is and has been lost for several years. However, the deed was recorded in the official records of the Eastland County Clerk's office on February 3, 1919, by typing the document from its original form. The recorded typed copy recited *W.H.* Williams as the grantee. The register of instruments kept by the county clerk reflects the conveyance from the Boyds to *W.H.* Williams of the undivided mineral interest and shows that the instrument was returned after recording to *W.H.* Williams.

*W.H.* Williams died in 1941, leaving a widow, Maggie Williams. Upon his death, the Inventory, Appraisement and List of Claims of his estate failed to list this mineral interest as part of his estate. Maggie Williams died in 1973. Her sons, Joseph R. and W.H. Williams, Jr., were named co-executors of her estate. Joseph found doc-

uments in both his parents' handwriting which stated that the mineral interest in question was an asset of their estates. Joseph informed his brother and sisters of the mineral interest. They leased the land to Southeastern Resources Corporation on October 1, 1981.

*W.L.* Williams died in 1955. He was survived by his wife, Emma Bobbie Williams, and seven children. Emma passed away in 1977. W.L. Williams' heirs contend that they became aware in 1979 that they might own a mineral interest through a conversation with now-deceased Tom Davis, a former friend of *W.L.* Williams. Upon learning this information, Cleo Williams, on behalf of *W.L.'s* other heirs, spoke with Robert Kincaid. Subsequently, *W.L.'s* heirs and Kincaid entered into a lease agreement.

After the Kincaid lease was signed and recorded, appellants initiated the instant suit against the appellees for damages and for the removal of the cloud on their title.

■ It is undisputed that the original 1918 mineral deed is lost. The only official record of the conveyance is the recordation of the deed as contained in the Eastland County Clerk's office, which was recorded in 1919. The record states that *W.H.* Williams was the grantee of a undivided ¼th mineral interest. The appellants' pleading asserted that they were the owners of the mineral interest and that the appellees had created a cloud on the title by executing their lease to Kincaid. The appellees pled a general denial. They further asserted in a counterclaim that they were the owners of the mineral interest and that the appellants had created a cloud on their title by executing the lease with Southeastern Resources. The thrust of appellees' position is that the county clerk erred in typing the grantee's name. They contend that the grantee's name should have been typed *W.L.* rather than *W.H.* Williams. Appellees do not seek reformation of the deed. Any such action would be barred by limitation. TEX.REV.CIV.STAT.ANN. art. 5529 (Vernon 1958); *Brown v. Hovard,* 593 S.W.2d 939 (Tex.1980).

The jury found, responding to a single special issue, that the grantee in the mineral deed was *W.L.* Williams. Judgment was therefore entered by the trial court that *W.L.* Williams was the grantee in a mineral deed dated November 23, 1918, by and between Sebe Boyd and wife, Lummie Boyd and *W.L.* Williams, same being recorded in Volume 127, page 654, Deed Records of Eastland County, Texas.

Appellants urge that the trial court erred in overruling their motion for an instructed verdict. We agree.

■ The rule to be applied in passing upon the propriety of granting an instructed verdict is stated in *Collora v. Navarro,* 574 S.W.2d 65 (Tex.1978) as follows:

The task of an appellate court in such a case is to determine whether there is any evidence of probative force to raise fact issues on the material questions presented. The court must consider all of the evidence in the light most favorable to the party against whom the verdict was instructed, discarding all contrary evidence and inferences. *Henderson v. Travelers Ins. Co.,* 544 S.W.2d 649 (Tex. 1976); *Echols v. Wells,* 510 S.W.2d 916 (Tex.1974). When reasonable minds may differ as to the truth of controlling facts, the issue must go to the jury. *Najera v. Great Atlantic & Pacific Tea Co.,* 146 Tex. 367, 207 S.W.2d 365 (1948).

In *Anderson v. Barnwell,* 52 S.W.2d 96 (Tex.Civ.App.—Texarkana 1932), aff'd on other grounds, 126 Tex. 182, 86 S.W.2d 41 (Tex.Comm'n App.1935, judgment adopted) the court said:

The law intends to and does favor the recorded title, and any conveyance which is duly recorded must thereby obtain all the benefits which depend upon or flow from the fact of registration.

26 C.J.S. Deeds sec. 71 (1956) says: "The design of recording laws is to prevent fraud and to permit and require the public to act with the presumption that recorded instruments exist and are genuine." See also TEX.R.EVID. 902(4) and 1005.

Considering all the evidence in the light most favorable to the appellees, the proof established the heirship of *W.L.* Williams and that all of his heirs entered into a lease agreement with Kincaid. There is proof that *W.L.* Williams lived in Eastland County near the Boyds and may have at one time worked for them. There is some evidence that *W.L.* Williams might have owned "some" mineral interest in Eastland County, but there is no proof of any recorded ownership of any minerals. We do not consider the testimony of an abstractor that sometimes an instrument might be miscopied by the county clerk's offices as any evidence that such a mistake was made in the recordation of the mineral deed which was executed by the Boyds. There is, therefore, no evidence of any error having been made by the county clerk's office in the discharging of its duties in recording and transcribing the deed from Sebe Boyd and wife to *W.H.* Williams of the undivided ¼ mineral interest. We hold, therefore, that the evidence is legally insufficient to support the jury's verdict, and the trial court erred in not granting appellants' motion for an instructed verdict.

The judgment of the trial court is reversed, and judgment is rendered that the cloud asserted against the title of Southeastern Resources Corporation and W.H. Williams, Jr., Joseph R. Williams, Elizabeth W. Langston and Sara Alice Stevens is removed.