In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-234 CV


 ______________________


 

UNITA SUMMAGE, Appellant



V.



ROBERT JEAN D/B/A SAMSSON MORTGAGE COMPANY,


YOLANDA HALL AND CIT GROUP/CONSUMER FINANCE, INC., Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-170714






MEMORANDUM OPINION


 Unita Summage appeals the trial court's judgment declaring a deed of trust lien
enforceable and ordering a judicial foreclosure. We affirm the trial court's judgment as
reformed.

 Summage purchased the property at issue as her homestead and financed the property
through First Federal Savings and Loan. The loan was transferred to Atlantic Mortgage
Company, and Summage began making mortgage payments directly to Atlantic. Summage
became delinquent on her loan payments to Atlantic and needed to make an immediate
payment of $7,880 to prevent foreclosure. Summage went to Samsson Mortgage to refinance
her home. She spoke with Robert Jean, a mortgage broker. Jean approached Yolanda Hall,
informed her of Summage's financial difficulties, and offered Hall a real estate investment
opportunity in which Summage would convey her property to Hall. Summage and Hall
entered into a sales contract in which Summage agreed to sell Hall the property for $96,500. 
On that same day, Summage conveyed the property to Hall by warranty deed. The deed was
recorded in the real property records of Jefferson County. Also on that day, Summage and
Hall entered into a contract for deed which provided that Hall would resell the property to
Summage for $69,900; and Hall would convey the property back to Summage after Summage
paid the entire purchase price. Hall paid $7,880 to the mortgage company. Summage has
remained in her home since this transaction. Summage made one payment to Hall pursuant
to the second sales contract. 

 Hall obtained a loan from CIT Group/Consumer Finance, Inc. for $73,655.70, secured
by a deed of trust against the property. The deed of trust states the loan was "given in
renewal, extension and rearrangement (and not in extinguishment) of the unpaid balance
owing on" the original mortgage. A CIT representative testified, however, that CIT did not
refinance Summage's mortgage with Atlantic, and that Hall's loan was not a renewal and
extension of the mortgage. CIT paid off Summage's mortgage with Atlantic and advanced
additional funds to Hall. Hall became delinquent in her payments on the CIT loan. CIT
accelerated the promissory note. 

 Summage filed suit against Hall, Jean d/b/a Samsson Mortgage Company, and CIT
for claims related to the conveyance. (1) She sought a declaration that the conveyance of her
homestead to Hall was void as a pretended sale pursuant to Article 16, Section 50 of the
Texas Constitution. See Tex. Const. art. XVI, § 50. Summage asserted that CIT was
charged with knowledge of her homestead interest in the property and therefore was not an
innocent third-party lender. In response, CIT sought to recover the remaining balance on the
note from Hall and to foreclose on its lien. CIT further sought a declaration that its lien was
valid and was superior to any interests claimed by Hall or Summage. 

 After a bench trial, the court issued findings of fact and conclusions of law. Among
other things, the court concluded that Summage intended to transfer title to Hall and that
Summage would re-acquire title after she paid Hall a specified amount. The court also
concluded that "CIT lent money to Hall without notice that the underlying sale was,
apparently, a pretense, and accordingly CIT's lien on the property is valid regardless of
whether the sale is pretended or legitimate." The court concluded Summage was estopped
from claiming the conveyance was void. The trial court rendered a money judgment in favor
of CIT against Hall on the indebtedness, ordered that the property be sold to satisfy the
judgment, and ordered that any surplus be paid to Summage. The judgment also awarded
CIT attorney's fees, and held Hall and Summage "jointly and severally" liable for the fees. 
Summage requests that this Court reverse the judgment and the award of attorney's fees to
CIT. Neither Hall nor Jean have filed briefs in this Court. 

 Summage raises six issues on appeal, all ultimately contesting the trial court's
estoppel finding. First, she asserts the trial court erred in failing to rule the real estate
transaction was void, because the property was protected as a homestead under the Texas
Constitution. In issues two and three, she argues that the conveyance was void as a
pretended sale, and that she is not estopped from arguing the transaction was void. In issue
four, she contends the trial court erred in requiring her to restore received consideration as
a condition precedent to relief. In issues five and six, she argues the trial court erred in
finding CIT acted without notice of the pretense, and in ruling that CIT's lien was valid. 

 A "pretended sale" of a homestead "involving any condition of defeasance" is void
under the Texas Constitution. Tex. Const. art. XVI, § 50(c); see Anglin v. Cisco Mortgage
Loan Co., 135 Tex. 188, 141 S.W.2d 935, 938 (1940). Nevertheless, if a third-party lender
advances funds in reliance on the apparent genuineness of a sale, and "without knowledge
of the subterfuge or of facts that would put a reasonable lender on notice" that the sale was
a pretense, the lien against the property can be enforced. Ketcham v. First Nat'l Bank of New
Boston, Tex., 875 S.W.2d 753, 756 (Tex. App.--Texarkana 1994, no writ). The party
claiming the homestead interest may be estopped from invoking a homestead claim against
a lender who acts without notice. See Uptmor v. Janes, 210 S.W.2d 235, 238 (Tex. Civ.
App.- Waco 1948, writ ref'd n.r.e.); Goodrich v. Second Nat'l Bank of Houston, 151 S.W.2d
276, 279-80 (Tex. Civ. App.--Beaumont 1941, writ ref'd). 

 Summage argues that CIT should be charged with knowledge of her homestead
interest because her possession constituted constructive notice. CIT is in the same position
as a purchaser of the property to the extent of the money loaned to Hall. See First Sav. &
Loan Ass'n of El Paso v. Avila, 538 S.W.2d 846, 847 (Tex. Civ. App.--El Paso 1976, writ
ref'd n.r.e.). A purchaser is charged with constructive notice of an occupant's claims that
"the purchaser might have reasonably discovered on proper inquiry" if a court determines
that the purchaser had a duty to ascertain the rights of a third-party possessor. Madison v.
Gordon, 39 S.W.3d 604, 606 (Tex. 2001). The duty to inquire arises "only if the possession
is visible, open, exclusive, and unequivocal." Id. When an occupant's possession is
compatible with another's ownership assertion, as is the case when the property is rented, the
occupant's possession generally is not considered unequivocal. See id. at 607. 

 CIT conducted a title search and discovered that Hall obtained title to the property by
warranty deed. Hall provided CIT with a sales contract for the purchase of the property, a
"Non-Homestead Affidavit" that disclaimed Hall's homestead rights in the property, and an
insurance coverage document that named Hall as the insured on the property. CIT was not
provided with the second sales contract that provided for Hall to resell the property to
Summage. Hall also supplied CIT with a "Monthly Rental Agreement" that indicated
someone -- not Summage -- was renting the property while Hall was applying for the loan. 
Hall assigned all rents to CIT. A CIT representative testified that CIT received an appraisal
that indicated the property was "tenant-occupied." The representative further testified that
CIT believed Hall was purchasing an investment property. CIT expected that someone
would be living in the home during the loan application process. Under these circumstances,
Summage's possession of the property was compatible with Hall's assertions to CIT that she
owned the property and a tenant would be living on the property. See id. at 606. 

 Summage argues the title company that closed the loan transaction had "documents
in its possession for the benefit of CIT that put CIT on notice (in addition to Summage's
possession) to inquire as to Summage's interest in the" property. Summage asserts that the
contract for sale obligated Hall to pay Summage $96,500 and "the fact Mrs. Summage was
not being paid all the money she was supposed to be paid . . . was not being reconciled on
CIT's closing statement with Hall. . . ." She also contends that other documents put CIT on
inquiry notice, namely: an "Appointment of Substitute Trustee" Atlantic filed in the real
property records; the lease agreement between Hall and her alleged tenant; documents
evidencing a pay-off of Summage's original mortgage; and CIT's deed of trust stating that
Hall's loan was a renewal and extension of the original mortgage. 

 CIT conducted a title search and discovered that Summage conveyed title to Hall by
warranty deed. The sales contract indicated that when the entire purchase price was paid,
Summage would convey the property to Hall by warranty deed. The warranty deed, which
was recorded in the real property records, indicates that Summage conveyed the property to
Hall for consideration. Summage's signature appears on the sales contract selling the
property to Hall and on the warranty deed conveying title to Hall. The court heard testimony
CIT relied on these documents, which appeared valid, in approving Hall's loan. There is
sufficient evidence in the record to support the trial court's finding that CIT had no notice
of the allegedly "pretended" nature of the transaction. The trial court properly concluded
Summage is estopped from claiming that her conveyance of the property to Hall was void. 

 There is no basis in the record to support the award of attorney's fees against
Summage under any contract, however; she was not liable to CIT on any contract CIT sought
to enforce. A party may recover attorney's fees if provided for by statute or contract between
the parties. See Gulf States Utils. Co. v. Low, 79 S.W.3d 561, 567 (Tex. 2002). CIT
nevertheless relies on the court's discretion to award "reasonable and necessary attorney's
fees as are equitable and just" under the Declaratory Judgment Act. Tex. Civ. Prac. & Rem.
Code Ann. § 37.009 (Vernon 1997). The requirements that fees be "equitable and just" are
matters of law. See Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998). Generally, when
attorney's fees are not available in an underlying claim, the Declaratory Judgment Act does
not supply a basis for an award. See Kenneth Leventhal & Co. v. Reeves, 978 S.W.2d 253,
258 (Tex. App.--Houston [14th Dist.] 1998, no pet.) (holding that attorney's fees that are
unavailable in breach of contract claim cannot be recovered by seeking declaratory relief). 
Other than citing the trial court's discretion under the Declaratory Judgment Act, CIT
provides no reason in its brief to support the award against Summage, and we do not see how
the attorney's fee award against appellant is equitable and just under the circumstances of
this dispute. The judgment is therefore reformed to remove the award of attorney's fees
against Summage. All other relief requested in the issues on appeal is denied. As reformed,
the trial court's judgment is affirmed. 

 AFFIRMED AS REFORMED.


 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on November 29, 2006

Opinion Delivered May 3, 2007


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Jean, although served with citation, never made an appearance in the case. At the
conclusion of trial, Summage requested that judgment be entered against Jean. The court's
final judgment implicitly denies this relief.