NUMBER 13-09-00301-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


LAZARO CRUZ FARIAS , Appellant,


v.


ANTONIO VERA , Appellee.

 




On appeal from the 139th District Court 
of Hidalgo County, Texas.

 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza



 Appellant Lazaro Cruz Farias files this appeal on a trespass to try title case. By his
first issue, Farias argues that the trial court erred when it failed to file findings of fact and
conclusions of law after it rendered judgment for appellee Antonio Vera. By his second
issue, Farias contends that the evidence was factually insufficient to support a finding that
Vera was a bona fide purchaser for value. We affirm. 

I. Background

 The property at issue in this case, described as 3317 Barbara Lane, Lot 6, Santa
Cruz Estates, Hidalgo County, Texas (the "Barbara Home"), was originally owned by Cary
Bennett Glenn. The property consisted of a mobile home and its surrounding land. On
September 27, 2001, Glenn signed a contract for deed with Farias for the Barbara Home. 
The contract for deed provided that Farias would pay Glenn five hundred dollars per month
for ten months, beginning on October 1, 2001, after which Farias would pay three hundred
dollars per month to Glenn for nine years and two months until October 1, 2011. At that
time, Glenn would sign the property over to Farias "free and clear of all encumbrances, by
good and marketable title, with full possession to said property . . . ." The contract for deed
also required Farias to pay the property taxes and insurance for the Barbara Home while
he was in possession of the property. Neither Glenn nor Farias filed this contract for deed
at the Hidalgo County courthouse. 

 According to Glenn, Farias stopped making his monthly payments in the summer
of 2003. At this time, Glenn also learned that Farias had not paid the property taxes on the
Barbara Home in approximately three years, nearly forcing the property into foreclosure
with the county. The record reflects that Glenn attempted to contact Farias several times
to see if Farias could make the overdue payments but was unable to reach him. Finally,
on August 25, 2003, Glenn sent Farias a letter stating that Farias had breached the
contract for deed and giving Farias ninety days written notice to vacate the premises. (1) 
Glenn testified that Farias told him that he would move: "Mr. Farias had told me, he goes,
'I'll move out.' He goes, 'I've got another place to go to'. . . ." 

 To prepare the Barbara Home for re-sale, Glenn paid the outstanding utility bills,
insurance payments, and the property tax lien, and then advertised the property in the local
newspaper. Vera testified that, in October of 2003, he saw the ad for the Barbara Home
in the newspaper, went to visit the property and saw "no activity," and then called Glenn
to inquire about its possible purchase. Glenn and Vera soon began discussions regarding
sale of the Barbara Home. Although Glenn told Vera that the Barbara Home had "renters"
(Farias and his wife) and that the renters intended to move, the evidence is unclear as to
whether Glenn told Vera about his contract for deed with Farias. (2) Vera ultimately
purchased the Barbara Home for $20,000.00 on October 9, 2003 by signing a warranty
deed, which he promptly recorded at the Hidalgo County courthouse. Vera also obtained
a title insurance policy when he purchased the property, which did not reflect the contract
for deed between Glenn and Farias.

 When Farias failed to move out, Vera visited the property with a police officer to
remove Farias from the premises. At that time, Farias refused to leave the property and
showed Vera his contract for deed. Vera testified that this was the first time he learned
about the contract for deed between Glenn and Farias for the Barbara Home. The record
reflects that Farias lived at the Barbara Home since October of 2003 without paying rent,
mortgage, or property taxes. (3) In an effort to remove the cloud from the title and settle this
dispute, Vera filed this trespass to try title suit.

 A bench trial was held, and the trial court ruled in Vera's favor. Farias subsequently
filed this appeal. 

II. Discussion

A. Findings of Fact and Conclusions of Law

 Farias argues that the trial court erred when it failed to file findings of fact and
conclusions of law after it rendered judgment for Vera and that this failure was harmful to
Farias. Texas Rule of Civil Procedure 296 provides that:

 In any case tried in the district or county court without a jury, any party may
request the court to state in writing its findings of fact and conclusions of law. 
Such request shall be entitled "Request for Findings of Fact and Conclusions
of Law" and shall be filed within twenty days after judgment is signed with the
clerk of the court, who shall immediately call such request to the attention of
the judge who tried the case. The party making the request shall serve it on
all other parties in accordance with Rule 21a.

 

Tex. R. Civ. P. 296. Farias requested findings of fact and conclusions of law pursuant to
rule 296 on October 2, 2008. When the trial court failed to respond, Farias filed a
subsequent request pursuant to Texas Rule of Civil Procedure 297, which states that, "[i]f
the court fails to file timely findings of fact and conclusions of law, the party making the
request shall. . . file. . . a 'Notice of Past Due Findings of Fact and Conclusions of Law.'" 
Id. at rule 297. The trial court did not respond to this request either.

 A trial court's duty to file findings of fact and conclusions of law is mandatory
pursuant to a rule 296 request and a rule 297 reminder for the same. Tenery v. Tenery,
932 S.W.2d 29, 30 (Tex. 1996); Cherne Indus. Inc. v. Magallanes, 763 S.W.2d 768, 771
(Tex. 1989). The failure of a court to provide its findings and conclusions "is presumed
harmful, unless the record before the appellate court affirmatively demonstrates that the
party complaining of the failure to file findings of fact has suffered no injury." Tenery, 932
S.W.2d at 30; see also Nationwide Capital Funding, Inc. v. Epps, No. 13-04-308-CV, 2006
Tex. App. LEXIS 3152, *6-7 (Tex. App.-Corpus Christi 2006, no pet.) (mem. op.). "The
test for determining harm in such a case is whether the circumstances of the particular
case would force an appellant to guess the reason or reasons that the trial court ruled
against it." Sheldon Pollack Corp. v. Pioneer Concrete Co., 765 S.W.2d 843, 845 (Tex.
App.-Dallas 1989, writ denied); see also Nationwide, 2006 Tex. App. LEXIS 3152 at *6-7. 
In other words, the error is harmful if it prevents an appellant from properly presenting its
case to an appellate court. See Tex. R. App. P. 44.1.

 We conclude that Farias suffered no harm by the trial court's failure to file findings
of fact and conclusions of law. First, the trial court's judgment clearly sets forth the
reasoning behind its ruling. The Final Judgment, in its entirety, states as follows:

On October 07, 2008, this case was called for trial. Plaintiff Antonio Vera,
appeard [sic] in person and through his attorney announced ready for trial. 
Defendant, Lazaro Cruz Farias, appeared in person and through his
attorney and announced ready for trial.


All matters in controversy, legal and factual, were submitted to the Court for
its determination. The Court heard the evidence and arguments of counsel
and hereby RENDERS Judgment for Antonio Vera, Plaintiff. 


This is a suit for trespass to try title on property described as:


 All of Lot 6, Santa Cruz Estates, Hidalgo County,

 Texas, according to the map recorded in volume 21,

 page 13, map records in the County Clerk of Hidalgo 

 County, Texas.


The subject property is also described as: 3317 Barbara Lane, Edinburg, 

Texas.

Plaintiff, Antonio Vera purchased the property on or about October 09,
2003 under warranty deed numbered 1256727. The deed was filed on or
about October 20, 2003. There is no interruption in the chain of title
between the Grantor, Cary Bennett Glenn, and Grantee-and [sic] Plaintiff,
Antonio Vera. Antonio Vera was a bona fide purchaser for value of the
property.


IT IS DECREED that Antonio Vera recover from Lazario [sic] Cruz Farias
the above described property and real estate and Lazario [sic] Cruz Farias
is ORDERED dispossessed of the property and real estate. This property
is described as:

 All of Lot 6, Santa Cruz Estates, Hidalgo County,

 Texas, according to the map recorded in volume 21,

 page 13, map records in the County Clerk of Hidalgo 

 County, Texas


The subject property is also described as: 3317 Barbara Lane, Edinburg, 

Texas.


All costs are adjudged against the party incurring same.


This judgment is final and disposes of all claims and parties and is
appealable.


The Court ORDERS that Lazaro Cruz Farias has no legal or equitable
interest in the real estate property described above and orders execution to
issue for this judgment. 

 The judgment plainly explains the trial court's reasoning in ruling for Vera: it
describes the contested property at issue, discusses the recorded chain of title, and
explains why Vera is a bona fide purchaser for value. "This ruling reveals the ground upon
which the trial court based its judgment, and it allows us to review the alleged trial errors." 
Humphrey v. Camelot Retirement Cmty., 893 S.W.2d 55, 61-62 (Tex. App.-Corpus Christi
1994, no pet.). (4) 

 Second, the record before us reflects that Farias was party to a bench trial wherein
the trial judge listened to witnesses and at one point stated that "there was nobody in" the
courthouse records for the Barbara Home when the title company conducted its search on
Vera's behalf. See Twist v. Flores, No. 13-03-171-CV, 2010 Tex. App. LEXIS 3607, at *11-12 (Tex. App.-Corpus Christi May 13, 2010, no pet. h.) (mem. op.) (noting that no harm
existed where the trial court did not issue findings of fact and conclusions of law because
the trial court held a lengthy hearing, allowed each party to question witnesses, and
informed the appellant that he "failed to follow the rules and follow through."). Farias did
not have to "guess the reason or reasons that the trial court ruled against" him. Id. at 61
(citing Sheldon Pollack Corp., 765 S.W.2d at 845). In fact, it is obvious that Farias
understood the basis of the trial court's decision because he briefed it as his second issue
in his appellate brief. Accordingly, we overrule Farias's first issue.

B. Bona Fide Purchaser for Value

 In his second issue, Farias argues that there is factually insufficient evidence to
support the conclusion that Vera was a bona fide purchaser for value. 

 1. Standard of Review

 "When the trial court acts as a fact[-]finder, its findings are reviewed under legal and
factual sufficiency standards." In re Doe, 19 S.W.3d 249, 253 (Tex. 2000). If no findings

 of fact are filed, the trial court's judgment necessarily implies all findings of fact to support
it. Schoeffler v. Denton, 813 S.W.2d 742, 745 (Tex. App.-Houston [14th Dist.] 1991, no
writ). "The trial judge's decision can be sustained on any reasonable theory that is
consistent with the evidence and the applicable law, considering only the evidence
favorable to the decision." Austin Area Teachers Fed. Credit Union v. First City Bank--NW
Hills, N.A., 825 S.W.2d 795, 801 (Tex. App.-Austin 1992, writ denied); Brodhead v.
Dodgin, 824 S.W.2d 616, 620 (Tex. App.-Austin 1991, writ denied). "If there is evidence
to support the implied finding of fact, the appellate court must uphold the judgment on any
theory of law applicable to the case." Giangrosso v. Crosley, 840 S.W.2d 765, 769 (Tex.
App.-Houston [1st Dist.] 1992, no writ). 

 2. Applicable Law 

 Texas law favors recording acts because recording makes title information available
to all interested persons. Richland Hills v. Bertelsen, 724 S.W.2d 428, 429 (Tex. App.-Fort
Worth 1987, writ denied). By recording a conveyance of real property, a property owner
protects his or her own rights in addition to the rights of "others who may afterwards seek
to acquire an interest in the same property." Id. at 430 (citing Anderson v. Barnwell, 52
S.W.2d 96, 101 (Tex. Civ. App.-Texarkana 1932), aff'd, 126 Tex. 182, 86 S.W.2d 41
(1935)). Here, neither Glenn nor Farias recorded their contract for deed on the Barbara
Home. Because of this lack of notice and claimed lack of proof that Farias had any
ownership rights to the property, Vera alleged that he was a bona fide purchaser for value. 
A bona fide purchaser for value "acquires property in good faith, for value, and without
notice of any third-party claim or interest." Madison v. Gordon, 39 S.W.3d 604, 606 (Tex.
2001). This law is codified in Texas Property Code section 13.001, which provides that:

(a) A conveyance of real property or an interest in real property or a
mortgage or deed of trust is void as to a creditor or to a subsequent
purchaser for a valuable consideration without notice unless the instrument
has been acknowledged, sworn to, or proved and filed for record as required
by law.


(b) The unrecorded instrument is binding on a party to the instrument, on the
party's heirs, and on a subsequent purchaser who does not pay a valuable
consideration or who has notice of the instrument.


Tex. Prop. Code Ann. § 13.001(a), (b) (Vernon 2004). Being a bona fide purchaser for
value is an affirmative defense to a title dispute. Madison, 39 S.W.3d at 606. However,
actual or constructive notice can defeat the protection otherwise afforded to bona fide
purchasers for value. Id. Actual notice "literally means express or positive personal
information or knowledge directly communicated to the person to be affected." Flack v.
First Nat'l Bank of Dalhart, Tex., 226 S.W.2d 628, 631 (Tex. 1950). Constructive notice
consists of "open, visible, and unequivocal acts of occupancy in their nature referable to
exclusive dominion over the property, sufficient upon observation of to put an intending
purchaser on inquiry as to the rights of such possessor." Strong v. Strong, 98 S.W.2d 346,
350 (Tex. 1936); Madison, 39 S.W.3d at 606. 

 Farias disputes Vera's bona fide purchaser status. He contends that Vera had
"notice" of a third party claim or interest when Glenn told him about the Barbara Home
"renters." In addition, Farias points out that Glenn may even have told Vera about his
contract for deed with Farias, although Vera denies this. These combined facts, Farias
argues, should have constituted notice that would defeat Vera's bona fide purchaser
status. We must determine, therefore, whether there existed factually sufficient evidence
in the record to demonstrate that Vera had actual or constructive notice of Farias's
possession of the Barbara Home. 

 The Texas Supreme Court dealt with similar facts in Madison v. Gordon. 39 S.W.3d
at 604. In Madison, Ronald Gordon owned a four-plex rental property; he lived in one unit
while renting the others. Id. at 605. In 1991, Gordon was arrested and placed in jail. Id. 
To obtain a bail bond, he signed a warranty deed conveying this rental property to a bail
bondsman, which the bondsman properly recorded. Id. Gordon simultaneously hired a
lawyer named Alton Williams to represent him. Id. A year later, the bondsman conveyed
the property to Williams, who recorded the deed. When Williams was "in need of cash and
unable to secure a loan," his fiancée, Anna Madison, purchased the property from him by
securing a bank loan. Id. The bank recorded the note and the conveyance. Id. Gordon,
who lived on the property throughout these conveyances, later sued the bail bondsman,
Madison, Williams, and Williams's lending bank to recover title on the rental property. 
Gordon, 39 S.W.3d at 605. Gordon argued that Madison could not assert status as a
"bona fide purchaser for value" because she had actual and/or constructive notice of his
claim to the property. Id. 

 In her motion for summary judgment, Madison argued that she was a bona fide
purchaser because she "acquired the property in good faith, for value, and without notice,
actual or constructive, of any third-party claim or interest." Id. at 606. She claimed that her
fiancé told her nothing about Gordon or his continued residency in one of the units, even
though Gordon was his former client. Id. Furthermore, she asserted that "although Gordon
has continued living on the property since 1988, he last claimed the property as his
homestead and last paid property taxes in 1991-the year he transferred the property to the
bondsman." Id. The trial court granted Madison's summary judgment; however, an
appellate court reversed this ruling and held that "Madison was not a bona fide purchaser
because Gordon's [continued possession of one of the rental units] gave Madison
constructive notice of [Gordon's] claim." Gordon v. Madison, 9 S.W.3d 476, 479 (Tex.
App.-Houston [1st Dist.] 2000), reversed by Madison v. Gordon, 39 S.W.3d 604 (Tex.
2001). In its opinion reversing the appellate court, the Texas Supreme Court ruled that
"Gordon's possession as a tenant . . . did not satisfy the criteria necessary to give Madison
constructive notice. His possession was neither exclusive nor unequivocal. As rental
property, one would expect occupants on the property." Madison, 39 S.W.3d at 607. 
Possession was not unequivocal because it was "compatible with another's ownership
assertion." Id. Furthermore,

Ambiguous or equivocal possession which may appear subservient or
attributable to the possession of the holder of the legal title is not sufficiently
indicative of ownership to impute notice as a matter of law of the unrecorded
rights of such possessor. 


Id.

 

 Similarly, in this case, it did not appear that Vera had actual or constructive notice
of Farias's claim. With respect to actual notice, Glenn testified that he represented to Vera
that Farias rented the Barbara Home and intended to move soon. In addition, the contract
for deed between Glenn and Farias was never recorded and did not appear in the title
insurance policy Vera purchased. Furthermore, Vera testified that he did not know about
the contract for deed until after he purchased the property and attempted to evict Farias
from the premises. Accordingly, we find that there was factually sufficient evidence to
show that Vera did not have "actual notice" because Vera did not have "express or positive
personal information" regarding Farias's alleged claim to the land. See Flack, 226 S.W.2d
at 631. 

 Regarding whether Vera had constructive notice, we find that the evidence did not
reflect that Farias's possession of the Barbara Home was "open, visible, exclusive, or
unequivocal." Strong, 98 S.W.2d at 350; Madison, 39 S.W.3d at 606. If Vera was told that
Farias was a renter, Vera would expect to see an occupant on the premises. Farias's
possession of the Barbara Home was not unequivocal because it was "compatible with
[Glenn's] ownership assertion." Madison, 39 S.W.3d at 607. Furthermore, we note that
even if this knowledge did raise a duty of inquiry on Vera's behalf to inquire about Farias's
possessory rights, Vera stated that when he visited the property, he noted "no activity." 
Thus, despite his inquiry, he still would not have constructive notice of Farias's claim.

 Accordingly, we find that there is factually sufficient evidence to "support the implied
finding of fact" that Vera was a bona fide purchaser for value. Giangrosso, 840 S.W.2d at
769. Considering only the evidence favorable to the trial court's judgment, we conclude
that awarding ownership to Vera due to his bona fide purchaser status was reasonable in
light of the evidence and applicable law supporting this ruling. Id.; Austin Area Teachers,
825 S.W.2d at 801. We overrule Farias's second point. 

III. Conclusion

 We affirm the trial court's decision.

 

 ___________________________ 
 DORI CONTRERAS GARZA,

 Justice


 Delivered and filed the

 17th day of June, 2010.
1. The letter, dated August 25, 2003, stated the following:


Dear Larry Farias,


After repeated attempts to contact [you] by leaving messages on your door, I have yet to hear
from you. You still have not made an attempt to make any payments on the house in the
past 90 days. Since this situation has gone for over 90 days this contract has gone into
default. Our original contract stated that you would pay property taxes, taxes are now about
3 years behind, and that's another fault on your part of the contract. You now have 90 days
from receipt of letter to vacate the premises. 


Thank you, Bennett Glenn 
2. During the trial on the merits, Farias's counsel asked Glenn, "is it true you didn't tell Mr. Vera . . . that
you had a contract for deed?", to which Glenn replied, "I do not remember whether I actually told him or not. 
I do not remember that."
3. Vera testified that he has consistently paid the property taxes on the Barbara Home since 2003. 
4. We note that we dealt with a similar issue in Salinas v. Beaudrie. 960 S.W.2d 314 (Tex.
App.-Corpus Christi 1997, no pet.) (Seerden, J., concurring). In Salinas, we strictly interpreted Rule 299a,
which states that "[f]indings of fact shall not be recited in a judgment . . .", and held that "we [could] not
consider the trial court's findings that [were] contained within the body of the judgment." Id. at 317. However,
we went on to note that we "examined the findings recited in the trial court's judgment and we determine[d]
them to be supported by the evidence in the record." Id. at 317n.5. We have done the same here. In this
case, the trial court issued no findings of fact, but the record supported and explained the trial court's ruling. 


 Justice Seerden's concurrence in Salinas should be highlighted, as well. Justice Seerden held that 
he "would hold that we may consider finding within the body of the judgment, even if those findings are not
in compliance with Texas Rule of Civil Procedure 299a, so long as they are not in conflict with separately-filed
findings that are in compliance with the rules." Id. at 320.